CASE v. THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, *Appellant.*

1. **Railroads** : EXTENT OF DUTY TO MAINTAIN FENCES. If a railroad company has once erected a good and substantial fence along its road, as required by law, its only remaining duty is to use proper diligence in keeping the fence in suitable repair. If in spite of such diligence, animals come upon the track through breaks in the fence caused by others, and are injured, the company will not be liable.

2. ――――: KILLING ANIMALS: MEASURE OF DAMAGES. If the owner of an animal killed upon a railroad track uses or gives away the carcass, the company will be entitled to have the value of the carcass deducted in estimating the damages.

*Appeal from Laclede Circuit Court.*—HON. R. W. FYAN, Judge.

·REVERSED.

This was an action upon the statute to recover double damages for the killing of certain hogs belonging to plaintiff. There was evidence tending to show that at the place where the hogs came upon the track defendant had erected and diligently tried to maintain a fence such as the law requires, but in spite of all the watchfulness its servants could exercise planks were often torn off and carried away by persons strangers to the company, and that the fence

had been examined and found secure shortly before the killing of plaintiff's hogs; and that the hogs came upon the track through a hole made by a plank being torn off. Defendant asked an instruction to the effect that if the jury believed these to be the facts, their verdict should be for the defendant; but the court refused to give it. Other facts appear in the opinion. There was a verdict and judgment for double the value of the hogs, and defendant appealed.

*John O' Day* for appellant.

Where fences have once been erected as required by law, the company is only liable for a negligent failure to maintain such fences, and it is, therefore, entitled to a reasonable time in which to make repairs after having knowledge of a defect therein, or after that period has elapsed in which by the exercise of reasonable diligence it could have knowledge of such defect. *Clardy v. R'y Co.*, 73 Mo. 576; Shear. & Redf. on Negligence, § 459; *I. & St. L. R. R. Co. v. Hall*, 88 Ill. 368. A railroad company is required to use only ordinary care to keep fences in repair after they have once been substantially built. *Lemmon v. Railroad Co.*, 32 Iowa 151. The statute does not make the company absolutely liable for injuries resulting from a casual defect in the fencing. In such cases its liability is a question of neglect of duty. *Murray v. Railroad Co.*, 4 Keyes 274; *Wheeler v. Railroad Co.*, N. Y. S. C. (Thomp. & Cook) 274; *Railroad Co. v. Enoch*, 42 Miss. 603. If the fence was torn down by the act of strangers, the company would not be liable until after the lapse of sufficient time for the company in the exercise of reasonable diligence to discover and repair the injury to fence. Companies are not bound to do impossible things, nor to keep a constant patrol day and night. *Ill. Cent. R. R. Co. v. Swearingen*, 47 Ill. 206; *s. c.*, 33 Ill. 289; *C. & N. W. R. R. Co. v. Barrie*, 55 Ill. 226; *I. & St. L. R. R. Co. v. Hall*, 88.

Ill. 457. If the fence is repaired within a reasonable time, the company is not responsible under the statute for cattle entering through the breach. *Ill., etc., R. Co. v. Dickerson*, 27 Ill. 55; *Toledo, etc., R. Co. v. Daniels*, 21 Ind. 256; *Indianapolis R. Co. v. Truitt*, 24 Ind. 162; *Toledo, etc., R. R. Co. v. Fowler*, 22 Ind. 316; *Murray v. Railroad Co.*, 4 Keyes 274.

· *lixon & Wallace* for respondent.

## I.

SHERWOOD, C. J.—There was obvious error in refusing to submit to the jury the question whether due diligence had been used by defendant's agents to discover defects in the fence along its line of road. After a good and substantial fence has been built by a railroad company, as in the case at bar, its sole remaining duty is to use proper diligence in keeping the fence in suitable repair; and that defendant's agents had performed this duty is established by witnesses introduced on its behalf, and this was sufficient to base an instruction upon. *Clardy v. Railroad Co.*, 73 Mo. 576. Any other doctrine than this, in regard to the duty of the company, would make it the insurer of fences which it is required to build and maintain.

## II.

There was error also in instructing the jury to assess the damages of plaintiff at double the value of the hogs killed, and for this reason: The testimony of plaintiff's own witness, shows that plaintiff used one of the hogs himself and gave the other to witness, and that the hogs when dead were worth $10 apiece. The benefit thus received from the hogs when killed, should have been allowed to reduce the damages claimed, in a manner proportionate to such benefit. *Jackson v. Railroad Co.*, 74 Mo. 526. Therefore, judgment reversed and cause remanded. All concur.