VINYARD, *Appellant*, v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

**Railroads:** FENCES.  A railroad company is not liable for injuries to stock occasioned by defects in a fence which, when erected, was sufficient, unless it knew of such defects, or might have known if it had used due care in maintaining such fence.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

*Thomas & Vail* for appellant.

*Smith & Krauthoff* with *Thomas J. Portis* for respondent.

HENRY, J.—This is an action commenced by plaintiff in the circuit court of Jefferson county to recover of defendant double damages for the killing of a cow, the property of plaintiff, by a train of defendant's cars.  The petition alleged that the cow got upon the track of defendant's road, where it passed through an inclosed field of plaintiff, in consequence of a defective fence which was erected by defendant, and which it was the duty of defendant to maintain, etc.

The evidence disclosed the following facts:  At the place where the cow got upon the track, two of the upper planks of a panel of the fence had been sawed off at one end, about two months before the cow was killed, and plaintiff had securely, as he testifies, repaired it, " by nailing a plank perpendicular with and to the post, and nailing the ends of the sawed plank to it."  It does not appear that the company had any notice of these facts.  Two witnesses for plaintiff testified that they saw this panel of the fence down; one of the witnesses, that he saw it down two days before the cow was killed, and the other, that he saw

it down the day before the cow was killed, and that it was down two or three days before the cow was killed.

The cause was tried by the court without a jury, and the following declaration of law made by the court is complained of by appellant: "If the defendant had erected and maintained a plank and post fence, at least four and one-half feet high, along and on each side of its railroad, and plaintiff had a field on the east side of said road, and defendant's fence inclosed said field, and a day or two before the cow of plaintiff escaped from plaintiff's field onto defendant's road, and was by its engine and cars run over and killed, some one without the knowledge or consent of defendant had sawed a couple of the planks in said fence, so that they fell down, leaving a gap in said fence, and said cow escaped from said field through said gap, and defendant at the time of said escape and the killing had no notice or knowledge of said gap in the fence, then plaintiff cannot recover unless the court find from the evidence that defendant was guilty of negligence in leaving said gap down, unless defendant willfully killed said cow." Appellant's contention is, that the court should have added to the instruction that defendant was liable although it had no knowledge of the break in the fence, if such time had elapsed after the break as by the exercise of reasonable diligence the break would have been ascertained by defendant.

The instruction might have been more specific, and the court evidently misconceived the evidence. The planks in the fence were sawed about two months, and not a day or two before the cow was killed. The defendant, however, is not liable for injuries to stock occasioned by defects in a fence erected by it, originally sufficient, unless it had notice of the defects, or might have known them if it had used due care in maintaining the fence. This principle announced in *Clardy v. Railway Co.*, 73 Mo. 576, was recognized in the declaration of law made by the court. In that declaration the tendency of the evidence to prove that the panel of the fence was down one or two days before the

cow was killed, was recognized and the court declared the liability of defendant, if it negligently left the gap down; and having rendered a verdict for defendant, the court must have found that although the fence was down a day or two before the cow was killed, yet it was not negligently left in that condition by the defendant.

The judgment of the circuit court is affirmed. All concur, except Norton, J., absent.