# SUPREME COURT

OF

# The State of Missouri

AT THE

## OCTOBER TERM, 1884.

---

YOUNG v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,. *Appellant.*

**Railroads**: DUTY TO FENCE: LIABILITY. Where a railroad company has once erected fences on the sides of its road, as required by law, it is only liable for negligent failure to maintain such fences, and it is entitled to a reasonable time in which to make repairs, after having knowledge of defects therein, or after such time has elapsed in which, by the exercise of reasonable diligence, it could have had knowledge of such defects.

*Appeal from Shelby Circuit Court.*—HON. THEODORE BRACE, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

The action being for double damages, the plaintiff's instruction improperly placed the plaintiff's right to recover on the fact that the fence was out of repair at the time of the injury. The defendant offered in its instructions to submit the question of its negligence, in failing to maintain the fence, to the jury. The giving of plaintiff's instruction and the refusal of defendant's second one was error. *Clardy v. Railroad Co.*, 73 Mo. 576; *Case v. Railroad Co.*, 75 Mo. 670.

*C. M. King* for respondent.

Hough, C. J.—This is a suit to recover double damages for the killing by defendant's engine and cars, of plaintiff's cow, in consequence of defendant's alleged failure to maintain a good and sufficient fence as required by law. The plaintiff recovered judgment before the justice, and in the circuit court, and the defendant has appealed.

It sufficiently appears from the testimony that the animal in question came upon defendant's road and was killed at a point where it was required by law to erect and maintain fences, and a fence had been erected at said point, but, at the time said cow entered, said fence was broken down, with the exception of one board. When the fence was so broken down does not appear, nor does it appear that the defendant had knowledge of the defect, or that by the exercise of reasonable diligence it could have discovered the same in time to have repaired it before the injury complained of. The court instructed the jury that the defendant was liable if the cow got upon defendant's track and was killed thereon, at a place adjoining inclosed or cultivated fields, where defendant at the time did not have a lawful fence. The defendant requested the court to instruct the jury that, if they believed from the evidence it had erected fences on the sides of its road where plaintiff's cow

got upon the track, and that the fence at the point where the cow entered was down, with the exception of one board, still the plaintiff could not recover, unless it further appeared that the defendant knew that the fence was down, or that the same had been down for such a length of time as to have enabled the defendant, by the exercise of ordinary care to have known that it was down. This instruction was refused.

In the case of *Clardy v. Railroad Co.*, 73 Mo. 576, it was held by this court that " after fences have once been erected, as required by law, the company is only liable for a negligent failure to maintain such fences, and it is, therefore, entitled to a reasonable time in which to make repairs, after having knowledge of a defect therein, or after that period has elapsed, in which by the exercise of reasonable diligence, it could have had knowledge of such defect." This rule has been re-announced in the following cases: *Case v. Railroad Co.*, 75 Mo. 670; *Chubbuck v. Railroad Co.*, 77 Mo. 592; *Rutledge v. Railroad Co.*, 78 Mo. 286; *Silver v. Railroad Co.*, 78 Mo. 528; *Walthers v. Railroad Co.*, 78 Mo. 617. As it appears that the defendant had once erected fences on the sides of its road, at the point in question, it could only be held liable for a negligent failure to maintain such fence, and it devolved upon the plaintiff to introduce some testimony from which it could, at least, be fairly inferred by the jury that the defendant had been guilty of negligence in this particular. *Chubbuck v. Railroad Co.*, 77 Mo. 592. The circuit court erred, therefore, in refusing the instruction asked by the defendant, and for this error its judgment must be reversed and the cause remanded. The other judges concur.