LANEY, *Appellant*, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY.

1.  **Railroads : KILLING STOCK : FENCES.** A railroad company cannot be held liable for the killing of stock, occasioned by defective fencing, unless it is shown that after having knowledge of defects it failed to repair them within a reasonable time, or that the defects had existed for such length of time that the company could by the exercise of reasonable diligence have had knowledge of and repaired them.

2.  ——— : ——— : **EVIDENCE : DEMURRER.** Where it appears from the evidence that the gate through which it was alleged plaintiff's mare passed onto the railroad track, where she was killed, was made for plaintiff's convenience, and that it was not discovered to be out of repair until a week after the accident, and was not noticed to be defective on the morning thereafter by plaintiff's son, who passed through it, and that, further, there was a failure of proof tending to show that the gate was open by.reason of defective fastenings, when the mare passed through it, plaintiff cannot recover, and a demurrer to the evidence should be sustained.

*Appeal from Buchanan Circuit Court.*—HON. WM. H. SHERMAN, JUDGE.

AFFIRMED.

*B. R. Vineyard* for appellant.

(1) The court below committed error by sustaining the demurrer to the evidence. (2) When stock is killed on a railroad track along inclosed or cultivated fields, and the road is not fenced as required by law, the company will be liable, regardless of the question of negligence. *Nall v. R. R. Co.*, 59 Mo. 112 ; *Fickle v. R. R. Co.*, 54 Mo. 219 ; *Walther v. R. R. Co.*, 55 Mo. 271 ; *Lantz v. R. R. Co.*, 54 Mo. 228. (3) It is a question for the jury to

determine, whether the company has been negligent in failing to construct or maintain lawful fences along its track, with gates therein at the farm crossings, with hooks or latches thereon properly constructed and attached thereto.    *Hammond v. R. R. Co.*, 43 Iowa 168; *McKenly v. R. R. Co.*, 43 Iowa 641.    If a gate does not have a proper fastening, or is left open by the railroad company, or by others with its knowledge, the statute requiring the maintenance of the fence is broken.    *Spinner v. R. R. Co.*, 67 N. Y. 153; *R. R. Co. v. Arnold,* 47 Ill. 173; *McKinley v. R. R. Co.*, 47 Iowa 79.    If a defective fence is shown to exist, that the company did not know of such defect is a matter of special defence, which must be pleaded by the company in courts of record, and proved in all courts where the matter is brought in issue. *R. R. Co. v. Sullivan*, 38 Ind. 262.    (4) Under the evidence the ascertainment of the cause of the mare's death was a question for the jury to determine.    *Blewett v. R. R. Co.*, 72 Mo. 583.    (5) It was defendant's duty to keep its fence, including the gate and its fastenings, in proper repair.    On the fact that it would discharge this duty, plaintiff had a right to rely.    *Railway Co. v. Smith*, 38 Ohio St. 410; *Evans v. Railway Co.*, 30 Minn. 489; *Rogers v. Railroad Co.*, 1 Allen 16; *Johnson v. Railroad Co.*, 29 Minn. 425.    Even if no fence had been built by defendant along its track, plaintiff would have had the right to turn his horses into the field.    In Missouri, live stock are free commoners, and the owner is not negligent in permitting them to run at large.    *Tarwater v. Railroad Co.*, 42 Mo. 196; *Clarks Adm'x v. Railroad Co.*, 36 Mo. 220.    (6) The "ordinary care" required of a railroad company, in keeping its fences in repair, is greater than that exercised by "an ordinary careful farmer." Much greater diligence and care is required of it than that.    *Rutledge v. R. R. Co.*, 78 Mo. 292.    Even where an inspection of fences by a company every two days was shown, it was held that whether it had been guilty of negligence was a question for the jury.    *Evans v. R. R.*

*Co.*, 30 Minn. 489; *McKinley v. Railroad Co.*, 47 Iowa 79; *Mackie v. Railroad Co.*, 54 Iowa 540. Plaintiff at least made out a *prima facie* case and should have been permitted to go to the jury. *Williams v. Railroad Co.* 74 Mo. 453.

*Strong & Mosman* for respondent.

(1) There was not sufficient evidence that the gate was open through any fault or neglect of the defendant at the time the mare got through it upon the track. It matters not how defective or insecure the gate was, if such defective and insecure condition did not occasion the injury. R. S. § 809; *Clardy v. Ry. Co.*, 73 Mo. 567; *Cecil v. Ry. Co.*, 47 Mo. 246. A railroad company is not liable under this section for the killing of stock which comes upon the track through a gate left open by some one else without the consent of the company. *Harrington v. Ry. Co.*, 71 Mo. 384. "Where the circumstances point just as much to the negligence of the plaintiff as to its absence, or point in neither direction, he cannot recover." *Cordell v. N. Y. & H. R. Co.*, 75 N. Y. 330; *Branagan v. Ry. Co.*, 75 Ind. 490; *Holman Case*, 62 Mo. 564; *Wood v. C. M. & St. P. Co.*, 51 Wis. 201; *Smith v. C. M. & St. P. Co.*, 42 Wis. 520; 46 Wis. 259; 44 Wis. 405; *Lawrence v. Ry. Co.*, 42 Wis. 329; 29 Barb. 228; *Lewis v. Railroad Co.*, 38 Md. 588; *Railroad Co. v. Swearingen*, 47 Ill. 206; *Lehman v. Brooklyn*, 29 Barb. 234; *Railway Co. v. Henrice*, 92 Pa. 431; *Muddle v. Stride*, 9 C. P. 380; *Ry. Co. v. Kirkwood*, 45 Mich. 51; *Smith v. Railroad Co.*, 37 Mo. 287. (2) So far as appears from the evidence, the mare may have been frightened and run ahead of the train and fallen into the culvert and over the sides of the bridge into the ravine and been killed by the fall. In such case, plaintiff could not recover. *Seibert v. Railroad Co.*, 72 Mo. 565. This action being for double the damages sustained by the plaintiff, it devolves upon him, by his proof, to bring "his case strictly within the terms or conditions author-

izing it." *Parrish v. Ry. Co.*, 63 Mo. 287. (3) Plaintiff was guilty of contributory negligence and was not entitled to recover. *Poler v. Railroad Co.*, 16 N. Y. 476. (4) The statute gives no action against a railroad company to recover double the value of animals killed by reason of the failure to construct or maintain openings with gates or bars therein. It gives no right of action to a party to recover double damages for an injury occasioned by the failure to maintain any such gates or bars. The only action given for loss or injury to stock is for a loss or injury ( "damage" is the word in the statute ) "occasioned * * * by the failure to construct or maintain such fences or cattle-guards."

NORTON, J.—This action was commenced before a justice of the peace of Benton township, Andrew county, to recover damages alleged in the first count of the statement to have been occasioned by the negligent failure of defendant to erect and maintain good and lawful fences, with good and lawful gates along the sides of its road where the same passes through plaintiff's enclosed and cultivated lands, by reason of which one of plaintiff's black mares escaped and entered upon defendant's track and was killed. The second count for cause of action states that defendant erected fences on either side of its track in Benton township, where the same runs through plaintiff's cultivated land, and erected gates in said fences at a farm crossing in plaintiff's enclosed fields and cultivated land, and negligently permitted said gates to become rotten and dilapidated and out of repair, so that they would not remain fastened and shut, but stood open, so that horses could pass through, and that, by reason of such neglect plaintiff's mare escaped onto defendant's track and was killed.

Plaintiff recovered a judgment before the justice, from which defendant appealed to the circuit court of Andrew county, from which court defendant took a change of venue to the circuit court of Buchanan county, where,

on the trial, the court sustained a demurrer to plaintiff's evidence, and rendered judgment for defendant; from which plaintiff appeals, and assigns the action of the trial court in sustaining the demurrer to the evidence as error.

The first count in the statement alleges, as the cause of action, that the damage of which plaintiff complains was occasioned by reason of defendant's failure to erect good and lawful fences with lawful gates at the farm crossing, where defendant's road passes through cultivated fields of plaintiff. The consideration of this count is entirely eliminated by the evidence of plaintiff, in which he says he claimed that his mare got on the track because the gate was open, not on account of the insufficiency of the fence, but the insufficiency of the fastenings of the gate and the negligence of defendant in not repairing it.

The second count substantially states, as the cause of action, that defendant negligently permitted the gate at the farm crossing to become rotten and dilapidated and so much out of repair, that the same would not and did not remain fastened or shut, but stood open, so that horses, on and prior to October 17, could go through, and that in consequence thereof plaintiff's mare was killed. Plaintiff, who was sworn as a witness, stated that the gate was not defective in any other particular than the fastenings, that he knew of. So that the question before us is narrowed down to whether there was any evidence that the gate through which plaintiff's mare entered on the track was open for want of proper fastenings, and that defendant was negligent in not repairing the same. To charge defendant with negligence it was necessary for plaintiff to show that defendant, after having knowledge of the defective gate fastenings, did not repair the same within a reasonable time, or that the defect had existed for such a length of time that defendant, by the exercise of reasonable diligence, could have had knowledge of it. *Clardy v. Ry. Co.*, 73 Mo. 576; Shear. & Redf. on Neg., sec. 459.

The evidence shows that the fastening to the gate consisted of a staple driven into the slat of the gate with a latch or hook attached to it, and that the gate was fastened by hooking this into a staple driven into a post. The particular defect complained of, as shown by the evidence, was, that the staple driven into the gate had become so loose that it would come out when shaken, and that the gate would then stand open three or four feet, leaving the latch and hook swinging from the staple in the post. The evidence, also, showed that plaintiff's mare was killed on or about the 17th of October, and that she was tracked from the gate onto the railroad and to the place where she was killed, and that she escaped through the gate when it was open. We think the evidence given by plaintiff's son negatives the fact that the gate was standing open, at the time the mare passed through it, because of its defective fastening. This witness stated that early in the morning after the night of the accident, he found the gate open, saw his father's horses on the defendant's right of way, drove them through the gate into the meadow, that he could not tell what opened the gate, did not take particular notice whether anything was wrong with the gate fastenings, did not remember whether staple was out, and states he must have fastened it, or it would have swung open. On cross-examination he said the gate was in good condition so far as he knew ; that he closed the gate and must have fastened it, or it would have come open, and in reply to a question asking him "if the staple that held the hook to the gate had been out that morning would you not have noticed it," said, "I don't know, but expect I would."

The plaintiff, although living on his farm, and having passed through this gate during the summer prior to the accident, and but two weeks before it occurred (according to the evidence of one witness) stated in his evidence that he discovered nothing wrong in the gate fastenings till about one week after the accident, when he discovered that the staple in the gate had become so

loose that it would come out on being shaken, when the gate would swing open. This same fact was testified to by two other witnesses who at the request of defendant examined the gate about a week after the animal was killed. It was, also, shown by witness, Bapps, who, at the time of the accident and for some time before, had been a section hand of defendant, that a week before the accident, he saw the gate open and took a spike maul, and drove the staple up and did not see the gate after that. There is no evidence in the record tending to show that, between the time the gate fastening was thus repaired, and the time of the accident, it was standing open, or that the staple had again become loose so that it would come out and leave the gate to swing open.

It does, however, appear that plaintiff, for whose accommodation and convenience the gate in question was erected, did not discover any defect in the fastenings till a week after the accident, when it was ascertained by him and two others, who examined it at his request, that it was out of repair. The evidence showed that the defect was of such a nature as to not have been discovered by plaintiff till a week after the accident nor by his son who early in the morning after the accident, though passing through the gate and fastening it, did not discover anything wrong about the fastening. In view of this fact, and the further fact that there was a failure of evidence tending to show that the gate was open, when defendant's mare escaped through it, by reason of defective fastening, and the ruling of this court in case of *Fitterling v. Mo. Pac. Ry. Co.*, 79 Mo. 504, the trial court was justifiable in sustaining the demurrer to the evidence.

Judgment affirmed. All concur.