MABERRY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroads:** KILLING STOCK: DEFECTIVE FENCE. A railroad company cannot be held liable under R. S., section 809, for the killing of

stock occasioned by defective fencing, unless it appear that it knew or might, by the exercise of reasonable care and diligence, have known that its fence was out of repair, and that a reasonable time had elapsed after the acquisition of such knowledge, or after the time such knowledge should have been acquired, in which it should have repaired it.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Smith & Krauthoff* with *Thos. J. Portis* for appellant.

(1) The defendant could only be held liable upon proof either that the defendant knew of the defect in the fence, or that a period had elapsed, in which, by the exercise of reasonable diligence, it could have had knowledge thereof, and that it had failed to repair the defect. *Clardy v. Railroad Co.*, 73 Mo. 576; *Case v. Railroad Co.*, 75 Mo. 668; *Walthers v. Railroad Co.*, 78 Mo. 617. What is such reasonable time must depend on circumstances. *Bishop v. O'Connell*, 56 Mo. 158. Here, there is no proof that the defendant had the facilities for making the repairs, or that it was negligent in not providing them. The bill of exceptions states that it contains all the evidence. As the elapse of "reasonable time" cannot be presumed (*Wiggins v. Bertham*, 10 Wall. 129, 132), and as the burden of proving it rests upon the plaintiff (*Murray v. Railroad Co.*, 3 Abb. Ct. App. Dec., 339, 342; *Wheeler v. Erie Ry. Co.*, 2 N. Y. Sup. Ct. [Thomps. and Cook], 643.), in the absence of this proof, the course taken in *Clardy v. Railroad Co.*, 73 Mo. 576, must be pursued: the verdict set aside as unsupported by evidence. (2) Having brought two suits when the causes of action could have been "joined according to law" (R. S., § 2850) the statute expressly provides that "the plaintiff shall recover only the costs of one action," and that "the costs of the other action shall be adjudged against him." R. S., § 2936.

*Edwin Silver* for respondent.

(1)   It was a question for the jury to pass on whether a reasonable time had elapsed in which the defendant should have had knowledge that the fence was out of repair.   The instruction on this point is in strict conformity with the rule announced by this court in *Clardy v. R. R.*, 73 Mo. 576, and the other cases cited by appellant, and plaintiff's evidence afforded a sufficient reason for the giving of it by the court.   It is true, that the question, what is a reasonable time, depends on circumstances, but it is also true that it is the province of the jury to weigh the circumstances and to draw the proper inference from them, as was done in the case at bar.   *Dunn v. R. R.*, 68 Mo. 279.   (2) The court properly overruled defendant's motion to tax the costs against plaintiff.

MARTIN, C.—This is an action under section 809, Revised Statutes, 1879, for damages suffered by plaintiff in the loss of a mare killed by the engine and train of defendant.

The evidence tended to show that the mare got upon the track by passing through a gap or breach in the enclosing fence.   A tree had fallen on the fence and broken it down.   While the tree remained the inclosing fence was sufficient to turn stock.   Afterward the tree, from cause not appearing in evidence, took fire and was burned, thus leaving an open space for the passage of stock.   The tree had burned up some time before the mare was killed; the witness could not recollect how long before, but thought it was a week or two weeks before the injury.

Upon this evidence the court gave the following instruction complained of:   "The jury are instructed that though they may believe that the defendant may have had, prior to the escape of plaintiff's stock on its road, a lawful fence where said stock escaped thereon, and the said fence got out of repair, yet such fact will constitute

no defence in this cause, if the jury believe that the defendant knew or might have known by the exercise of reasonable care and diligence, that its fence was defective and out of repair and that a reasonable time had elapsed after the acquisition of such knowledge, or after the time such knowledge should have been acquired in which the defendant should have repaired the same."

This instruction being in accord with the authorities in this state was properly given. *Clardy v. R. R.*, 73 Mo. 576; *Case v. R. R.*, 75 Mo. 668; *Walthers v. R. R.*, 78 Mo. 617. It is also warranted by the evidence submitted to the jury.

The objection relating to the taxation of costs incurred before the justice, having been sustained in the other case referred to in the evidence, need not be further considered in this case. The judgment for plaintiff ought to be affirmed, and it is so ordered. DeArmond, C., concurs; Ewing, C., not sitting.