DANIEL HEASTON, Respondent, v. THE WABASH, ST. LOUIS AND PACIFIC RY. Co., Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. NEGLIGENCE—INSUFFICIENT EVIDENCE.—Before a railroad company can be held liable, under the forty-third section of the railroad law for the killing of stock, occasioned by defective fencing, it must appear that the company knew, or by the exercise of reasonable diligence could have known of the defect, and that a reasonable time for making the necessary repairs had elapsed after the acquisition of such knowledge, or after the time at which such knowledge should have been acquired. Following *Clardy v. St. L., I. M. & La. Ry. Co.*, 73 Mo. 576 ; *Morris v. Hann. & St. Jo. R. R. Co.*, 79 Mo. 367.

APPEAL from Daviess Circuit Court, HON. C. H. S. GOODMAN, J.

*Reversed and remanded.*

The facts sufficiently appear in the opinion of the court.

GEO. S. GROVER, for the appellant.

I.   For all that appears in the statement the animal may have come upon the track, and been injured, at a point where defendant was not by law required to erect and maintain fences. *Bates v. R. R.*, 74 Mo. 60 ; *Johnson v. R. R.*, 76 Mo. 553 ; *Dryden v. Smith*, 79 Mo. 525 ; *Morrow v. Mo. Pac. R.*, Sup. Ct. Mo. (not yet reported).

II.   The evidence is insufficient to support a verdict. The averment was failure to erect or maintain fences.

The proof was merely that the wire of the fence was down. There was no proof that defendant knew of such defect or had reasonable opportunity of repairing it. Without such proof plaintiff was not entitled to recover. *Clardy v. R. R.*, 73 Mo. 576; *Case v. R. R.*, 75 Mo. 668; *Vineyard v. R. R.*, Sup. Ct. Mo. (not reported).

III. The instruction given for plaintiff was erroneous. There was no evidence to support it, and it submitted a fact to the jury not in evidence, to-wit: "A failure to erect and maintain *fences.*" Such instructions are misleading and should not be given.

GILLIHAN & BROSIUS, for the respondent.

I. The incorporation of defendant is alleged in statement, and by its appearance it admitted its existence, and no proof was necessary to establish its corporate existence. *Seaton v. R. R.*, 55 Mo. 416; *R. R. v. St. Louis*, 66 Mo. 228; *Transfer Co. v. R. R.*, 54 Mo. 189.

II. The defendant's instruction is in the nature of a demurrer to the evidence and pleading was properly refused. The statement set out a good and substantial cause of action under the statute, and the evidence showed a clear case against defendant for failure to *maintain* good and sufficient fences on the sides of its road as required by the statute.

III. The suit being commenced before a justice of the peace, the strict pleading required in courts of record is not required. The statement in this case was sufficient to advise the defendant of the nature of the claim, and was sufficiently specific to make the judgment a bar to another suit. *Wood v. R. R.*, 58 Mo. 109; *Norton v. R. R.*, 48 Mo. 387; *Iba v. H. & St. Jo. R. R.*, 45 Mo. 469.

IV. The plaintiff's instruction embodied the law. Sect. 809, Rev. Stat. Mo. 1879.

V. It is the practice to instruct the jury to find single damages and move the court for judgment for double damages and the motion therefor was proper.

*Wood v. R. R.*, 58 Mo. 109; *Walther v. Warner*, 26 Mo. 143; *Brewster v. Link*, 28 Mo. 147.

Opinion by ELLISON, J.

This is an action for double damages under section 809, Revised Statutes 1879. The following is the evidence as shown by the record in the case: "*The plaintiff*, to maintain the issues on his part, offered evidence tending to prove that on the 13th day of May, 1882, a certain cow, the property of plaintiff, strayed upon the track of defendant's railroad, at a point in Union township in said county, where the same passes through uninclosed lands, and not at a public or private crossing, and that while so upon said railroad track, said cow was struck and killed by the engine and cars of defendant; that said cow was of the value of $45, and that the fence, at the point where said cow so got on defendant's track was down, so that the top wire thereof rested upon the ground for the space of about twenty feet, and that said cow was tracked from said gap in said fence at which she got upon the right of way to where she was killed. This was all the evidence in the case." It thus appears that the cow got upon the track where the road was fenced, but "the fence, at the point where said cow so got on defendant's track was down, so that the top wire thereof rested upon the ground for the space of about twenty feet."

It nowhere appears how long the fence had been down. It does not appear the defendant had notice of its being down. It does not appear that it had been down sufficient length of time for the defendant by diligence, to have known it was not in repair.

We cannot permit a judgment founded on this evidence to stand in the face of the decision of the supreme court in the case of *Clardy v. St. L., I. M. & S. Ry. Co.*, 73 Mo. 576; *Morris v. Ry. Co.*, 79 Mo. 367.

The demurrer to the evidence should have been sustained; judgment reversed and cause remanded. All concur.