Townsley v. The Missouri Pacific Railway Company.

| 89 | 31 |
| 44a | 13 |

| 89 | 31 |
| 152 | 230 |

TOWNSLEY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Railroads : KILLING STOCK : DEFECTIVE FENCE, NOTICE OF. In an action against a railroad company for double damages for killing stock, where the evidence shows that the company had erected lawful fences along its right of way. it devolves upon the plaintiff, in order to recover, to show some neglect on the part of the defendant in maintaining its fences ; that it had notice of their defective condition, or, that they had been so long out of repair that such notice should be inferred.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Smith & Krauthoff* for appellant.

The defendant's demurrer to the evidence should have been sustained. (1) The plaintiff's mare was in his pasture, which did not adjoin the defendant's railroad. As he was not an adjoining proprietor, it was incumbent on him to show that the fence around this pasture over which his mare escaped, was defective and not a lawful one. *Johnson v. Railroad*, 80 Mo. 620, 625. (2) Having once erected a lawful fence, the defendant

could only be held liable for a negligent failure to main-- tain it, and as the plaintiff's own evidence showed that such a fence had once been erected, it devolved upon him to show negligence on the part of the defendant in failing to maintain it, and in the absence of this proof, the defendant's demurrer to the evidence should· have been given. *Clardy v. Railroad*, 73· Mo. 576; *Chub- buck v. Railroad*, 77 Mo. 591, 593, 594; *Young v. Rail- road*, 82 Mo. 427, 429, and cases cited. (3) Nor did the plaintiff's instructions proceed upon this theory. The first instruction simply told the jury that if "the mare was killed by reason of the failure of the defendant to erect and maintain a lawful fence," the verdict should. be for the plaintiff. There was no ground for a recovery on the theory of a failure to construct a fence as the· plaintiff's own evidence disproves this issue, and a mere failure to maintain this fence did not warrant a recovery unless this failure was a negligent one.

*I. W. Boulware* for respondent.

The facts in this case are altogether different from those in the case of *Johnson v. Railroad*, 80 Mo. 620, 625, cited by counsel for appellant. The animal escaped. from the premises of the owner onto the railroad track, in the case at bar. The question whether the appellant had notice that the fence was defective and out of re-- pair, or that a reasonable time for acquiring such knowl- edge and making such repairs, was necessarily raised by the evidence in the case and passed upon by the jury, and the court here should not disturb a verdict on mere· consideration of the weight of evidence. *Maberry v. Railroad*, 83 Mo. 648; *Clardy v. Railroad*, 73 Mo. 576;. *Care v. Railroad*, 25 Mo. 668; *Walthers v. Railroad*, 78 Mo. 607. To do so would simply be to assume that the trial court would have refused an instruction as to negligence when no such instruction was asked. It was.

not necessary for plaintiff to plead that the appellant knew that the fence was down, or that it remained out of repair an unreasonable time. *Chubbuck v. Railroad,* 77 Mo. 541. A general allegation of negligence is sufficient. *Chubbuck v. Railroad, supra; Mack v. Railroad,* 77 Mo. 232.

HENRY, C. J.—This action is for the recovery of double damages for the killing of a mare belonging to plaintiff by a train of defendant's cars, alleged to have occurred by reason of defendant's failure to erect and maintain its fence at the place where the animal went upon the track.

The testimony was substantially as follows: This mare, with other stock belonging to plaintiff, escaped from his premises and went upon defendant's track at a point where the lower four wires of a fence erected by defendant were down leaving only the top wire. It was originally a barbed wire fence five feet high, erected about six months before plaintiff's mare was killed. There was no evidence to show how long the four wires had been down. The only testimony on this point was that the four wires were down where the mare got on the track and was killed. There was a demurrer to the evidence, which was overruled, and the court instructed the jury that if they found that the mare entered upon the track by reason of there being no lawful fence on the sides of said road where the animal went upon the track, and that she was killed by reason of the defendant's failure to erect and maintain lawful fences, etc., plaintiff was entitled to a verdict. There was a verdict and judgment for plaintiff from which defendant has appealed.

There was no testimony tending to prove that defeendant had failed to erect a lawful fence where the animal went upon the track. On the contrary the testi-

mony on the part of plaintiff as well as that for the de-
fence, established the fact that the defendant had, only
six months before the mare was killed, erected a lawful
fence. It then devolved upon plaintiff to show some
neglect on the part of the defendant in maintaining the
fence ; that the defendant had notice of its condition, or
that it had been so long out of repair that notice should
be inferred. It is not the law that if a storm prostrates
a railroad fence, or malicious persons tear it down, or by
accident of any kind it is demolished, the company is
liable under the double damage act for an injury to ani-
mals straying upon the road at that point, unless it had
notice of the condition of the fence, or it had remained
so long out of repair that want of knowledge could be
imputed to the negligence of the company. *Clardy v.
Railroad*, 73 Mo. 576 ; *Chubbuck v. Railroad*, 77 Mo.
591 ; *Young v. Railroad*, 82 Mo. 427.

The judgment is reversed and the cause remanded.
All concur.