JAMES ACKLEY *et al.*, Respondents, v. ST. LOUIS,
IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY, Appellant.

### St. Louis Court of Appeals, April 24, 1888.

1. DAMAGES — FAILURE TO FENCE RAILROAD TRACK. — A railroad company is liable, under the statute, for damages resulting from a failure to fence its track as required by law, whereby animals obtain access to the plaintiff's field and injure his crops.

2. PRACTICE—INSTRUCTIONS.—There is no error in the refusal of an instruction which properly declares the law, when the whole ground is appropriately covered by instructions given by the court of its own motion.

APPEAL from the Jefferson Circuit Court, HON.
JOHN L. THOMAS, Judge.

*Affirmed.*

GEO. H. BENTON, for the appellant: When it appears from the evidence that the damages sought to be recovered, by reason of successive acts of trespass by hogs escaping into plaintiffs' cornfield through the railroad fence, were occasioned in part and intermingled with those arising from plaintiffs' own negligence, in failing to keep their fencing in good repair, plaintiffs can recover, if at all, only nominal damages. *Clark v Railroad*, 36 Mo. 203 ; *Trice v. Railroad*, 49 Mo. 438 ; *Grau v. Railroad*, 54 Mo. 240. The court erred in the instructions given on its own motion to the jury. The measure of damages is indefinitely stated, and the jury are left on this point virtually without instructions, and the rule as to reasonable time to make repairs is not correctly stated. Sedgwick on Damages, 269 ; *Richardson v. Northrup*, 66 Barb. 85 ; *Gresham v. Taylor*, 51 Ala. 505 ; *Rutledge v. Railroad*, 78 Mo. 289 ; *Clardy v. Railroad*, 73 Mo. 576 ; *Case v. Railroad*, 75 Mo. 668.

J. F. GREEN, for the respondent: The instructions distinctly told the jury that the plaintiffs could only recover such damages as were occasioned by hogs coming into plaintiffs' field through breaches in defendant's fence, and as the evidence specifically disclosed the amount of damage resulting from the defective fence of defendant, the jury could not have been misled. *Walther v. Railroad*, 55 Mo. 271 ; *Trice v. Railroad*, 49 Mo. 438. The instructions as a whole correctly declare the law and comply fully with the rule announced in repeated adjudications of the appellate courts. *Clardy v. Railroad*, 73 Mo. 576 ; *Heaston v. Railroad*, 18 Mo. App. 403 ; *Morris v. Railroad*, 79 Mo. 367 ; *Wilson v. Railroad*, 87 Mo. 431 ; *Maberry v. Railroad*, 83 Mo. 667.

PEERS, J., delivered the opinion of the court.

This suit was instituted in the circuit court of Jefferson county on the fifteenth of August, 1887, to recover damages alleged to have been occasioned during the years 1884, 1885, and 1886, to crops of plaintiffs by cattle, hogs and other animals escaping from defendant's right of way through defective fences along its line of road. The petition contains three counts, each charging the damages to have resulted by reason of the neglect of the railroad company to keep and maintain its fences along plaintiffs' field in good repair. The first count asks for damages in the sum of one hundred dollars, the second count in the sum of one hundred and twenty-five dollars, and the third count in the sum of one hundred dollars, and the prayer is that the amount sought to be recovered in each count of the petition be doubled under the provisions of the statute. Rev. Stat., sec. 809. The lands upon which said crops were grown are situated in Jefferson county, Missouri, and contain about one hundred and ten acres.

The answer is a general denial.

The evidence introduced tended to establish the allegations of the petition, and the jury returned a verdict

finding the damages separately under each count of the petition, awarding sixty dollars under the first, seventy-five dollars under the second and sixty-five dollars on the third, which amounts the court doubled and rendered judgment accordingly.

After a motion for new trial had been filed and overruled, the case was appealed by defendant.

The only question presented for review here is, whether the court committed error in giving and refusing instructions.

The following instruction, asked by the defendant, was refused by the court:

"The court instructs the jury that the plaintiffs in this case can recover for such damage only as the jury find, from the evidence, was occasioned by hogs coming into the field in question, through the railroad fence, and if they believe, from the evidence, that hogs came into the said field through plaintiff's own fences and caused any of the damages complained of, the plaintiffs cannot recover for the same, and the burden of proof devolves upon the plaintiffs to establish to your satisfaction, by a preponderance of the testimony, what damages the railroad company is liable for, and if you are unable, from the evidence, to determine to your satisfaction what damages were occasioned by defective railroad fences, your verdict for the plaintiffs, if you find any, must only be for nominal damages."

Defendant excepted at the time to the court's refusal to give this instruction.

Thereupon the court, of its own motion, gave to the jury the following instructions:

"This action is brought to recover for damages done to the crops of plaintiffs on the first count for one hundred dollars, the second count for one hundred and twenty-five dollars, and on the third count for one hundred dollars. Plaintiffs also asked to have the damages they have sustained doubled, but with this you have no concern.

"If you find for the plaintiffs you will simply return a verdict for the actual damages you may find plaintiffs have sustained, making a separate finding on each count. The court will then double the amount you so find. If you find the issues for the defendant, you will simply return a general verdict to that effect.

"If you find, from the evidence in the cause, that plaintiffs cultivated a field adjoining the defendant's railway, in United States Survey 2978, in township 40, range 5 east, in Jefferson county, and that they raised corn in said field in the years 1884, 1885, and 1886, and that, during those years, or any one of those years, the defendant failed to keep a fence along the whole length of said field as far as the right of way of said railroad adjoins the same, of posts and rails, posts and palings, posts and wire, or posts and plank, at least four and a half feet high and sufficiently close to turn stock, and that by reason of such failure to keep said fence, hogs strayed into plaintiffs' said field through such fence or gaps therein, and destroyed plaintiffs' corn standing or growing therein, then you will find the issues for the plaintiffs and assess their damages at such sum as you may find from the evidence they have sustained, specifying the amount in each count, if you find for plaintiffs in more than one count.

"If, however, you find from the evidence in the cause that the defendant maintained along said field during those years, or any of the time during those years, a fence of the character indicated in the foregoing instructions, and that from time to time it got out of repair from high water or other means, then the defendant was entitled to a reasonable time in which to repair the same after it was discovered, or, by the exercise of reasonable diligence, might have been discovered, that the same was out of repair, and if you find from the evidence the defendant did in a reasonable time after they discovered, or, by the exercise of reasonable diligence, might have discovered, that the fence was out of repair,

put it in repair and made it such a fence as above indicated, then the plaintiffs cannot recover any damage done by hogs for the time during which it so maintained such fence.

. "Plaintiffs can recover for such damage only as you find from the evidence was occasioned by hogs coming into the field in question through defendant's fence, and if you find from the evidence that hogs got into said field through plaintiffs' own fence or gaps therein, you will allow plaintiffs, if you find for them at all, only such damages as the hogs caused that entered the field in question through defendant's fence or gaps therein, and the burden of proving the damage thus done and the defects in the fence by a preponderance of the evidence is on plaintiffs."

The defendant at the time objected and excepted to the action of the court in giving these instructions to the jury.

The defendant's instruction is unobjectionable, but, the ground thereof was fully covered by the instructions given by the court of its own motion. These instructions told the jury that the plaintiffs could only recover such damages as were occasioned by hogs coming into plaintiffs' field through breaches in defendant's fence, and as the evidence specifically disclosed the amount of damages resulting from the defective fence of defendant, the jury could not have been misled. *Walther v. Railroad*, 55 Mo. 271 ; *Trice v. Railroad*, 49 Mo. 438.

The instructions as a whole properly declare the law as announced by the courts of this state. *Clardy v. Railroad*, 73 Mo. 576 ; *Heaston v. Railroad*, 18 Mo. App. 403 ; *Morris v. Railroad*, 79 Mo. 367 ; *Wilson v. Railroad*, 87 Mo. 431 ; *Maberry v. Railroad*, 83 Mo. 667.

There being no error in the record, the judgment is affirmed. All concur.