GEORGE W. FOSTER, Respondent, v. THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, February 10, 1891.**

1. **Railroads: KILLING STOCK: VARIANCE.** It is no variance for the statement of a statutory action for double damages for the killing of stock to allege a failure of the railway company to maintain a fence on the sides of its road, and for the evidence to show a failure of the company to maintain a cross-fence connecting the main fence with a cattle-guard.

2. ——— : ——— : FAILURE OF RAILWAY COMPANY TO REPAIR FENCE. A mere showing, that the stock which was killed got upon the railway track owing to the fence being out of repair, does not warrant a recovery. It must further appear that the railway company had notice of the condition of the fence, or that the fence was out of repair for such length of time that ignorance thereof could be deemed negligence. And *held* that this requirement was satisfied by evidence, that the fence had been down at least one day prior to the killing of the stock, that it was in close proximity to a station, and that it could easily have been repaired.

*Appeal from the Wayne Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Henry G. Herbel*, for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action against defendant, and the verdict is, therefore, invalid. *Brassfield v. Patton*, 32 Mo. App. 575. (2) The court erred in refusing to sustain defendant's demurrer to plaintiff's evidence, and to give the instructions asked by defendant. *Townsley v. Railroad*, 89 Mo. 33; *Clardy v. Railroad*, 73 Mo. 576. (3) The court erred in giving the instructions it did to the jury. *Lenox v. Harrison*, 88 Mo. 496.

*S. R. Durham*, for respondent.

ROMBAUER, P. J.—The plaintiff's cow was crippled by the defendant's locomotive, whereupon he brought this action to recover double damages under the provisions of section 809 of the Revised Statutes of 1879. The plaintiff's statement filed before the justice first states that the cow came upon the track where the railroad runs through uninclosed lands, then negatives that it came upon the track at any place where the railroad was under no obligation to fence, and concludes as follows:. "That the defendant, on said tenth day of. March, 1889, and for a long time prior thereto failed and neglected to keep and maintain a lawful fence on the sides of its said road, where said cow came upon its track, but suffered the fence on the north side of said road, at the point where said cow got upon the track and was crippled as aforesaid, to be and remain down and out of repair, and that, by reason thereof, said cow got upon said railroad track, and the crippling of said cow was occasioned then and there by the neglect and failure of the defendant to keep and maintain lawful fences on the sides of its road as aforesaid."

There was a judgment for plaintiff in the trial court, and the defendant now assigns for error that there is no evidence to support a verdict under the cause of action stated, and that the court misdirected the jury.

The plaintiff's evidence tended to show that the animal was found crippled at a point where the defendant's road was inclosed by a sufficient fence on both sides, but at a place at some distance, variously estimated at from th ee hundred yards to half a mile, part of the defendant's cross-fence, connecting its main fence with the cattle-guard, was prostrated by some cause not shown. At that point one or more of the entire panels of such cross-fence were down, and lay flat on the ground. Owing to the insecurity of the ground or other causes, these panels seemed to have been forced down or blown down by the wind. There was evidence tending to show

that the cow got upon the track at this place. Cattle tracks were noticeable on the ground going in there, and there was no obstruction of any kind between this place and the place where the cow was found. None of the witnesses could state definitely how long this panel had been down. According to the testimony of one witness it was down at least one day prior to the time, when the cow was last seen outside, and in an uninjured condition.

The first point made is that the statement is fatally defective, because it charges that the defendant failed to maintain fences on the *sides* of its road, whereas the recovery was had on the theory that the damages were caused by the defendant's failure to keep its *cross-fences* in repair. The statute speaks of fences on the sides of a road only, and this necessarily includes all fences which the company is bound to maintain as part of its inclosure. We cannot see how the statement was misleading; it certainly was not insufficient in any sense. . The evidence related exclusively to the defect in this cross-fence, and was received without objection. This point, therefore, presents nothing for review.

The next point made is, that the court should have sustained a demurrer to the evidence, because it stood conceded that the company had erected lawful fences, and it was not shown by the plaintiff that the defendant either knew, or by the exercise of reasonable care might have known, that the fence was out of repair at this particular point prior to the happening of the accident, and by reasonable diligence might have repaired the break.

It was held in *Townsley v. Railroad*, 89 Mo. 31, which is probably the last decision of the supreme court on this question, that the mere showing that a fence, once erected, was out of repair at the date the animal got through it and upon the track was not sufficient to entitle the plaintiff to recover. The court there held : " It is not the law that, if a storm prostrates a railroad fence,

or malicious persons tear it down, or by accident of any kind it is demolished, the company is liable under the double-damage act for injury to animals straying upon the road at that point, unless it had notice of the condition of the fence, or it had remained so long out of repair, that want of knowledge could be imputed to the negligence of the company." This was the point in judgment, and the decision is the last controlling decision ; but all former decisions are to the same effect. *Clardy v. Railroad*, 73 Mo. 576 ; *Case v. Railroad*, 75 Mo. 668 ; *Fitterling v. Railroad*, 79 Mo. 504 ; *Heaston v. Railroad*, 18 Mo. App. 403 ; *Vinyard v. Railroad*, 80 Mo. 92 ; *Young v. Railroad*, 82 Mo. 427 ; *Laney v. Railroad*, 83 Mo. 466 ; *Maberry v. Railroad*, 83 Mo. 667 ; *Wilson v. Railroad*, 87 Mo. 431.

If, therefore, in the case at bar, no more had been shown than that this panel of fence was out of repair, where the cow got through it and upon the track, the defendant's demurrer to the evidence would have been well taken. But in view of the fact, that this part of the fence was down for at least one day prior to that time, that the damage to the fence was of a character which could have been easily repaired, and that the place seems to have been in close proximity to a station, we are not prepared to say that the court erred in submitting the question to the consideration of the jury by an instruction given on that subject of its own motion.

The defendant asked a similar instruction, which as set out in the record concludes with a half-finished sentence, and is wholly unintelligible. The court was justified in refusing it for that reason, if no other. We may add, however, that the term, "preponderance of evidence," can have no application to a case where the evidence has all been offered by one of the parties, and there is no conflict in the evidence offered.

The defendant also complains of error in the instruction given by the court of its own motion defining the

term, lawful fence. The definition was unnecessary, as there was no pretense that the cow got upon the track at any other place than the one where the fence was down ; and we cannot see in what sense it was misleading or prejudicial so as to warrant a reversal.

The judgment is affirmed. All the judges concur.