STARK v. THE SIOUX CITY & PACIFIC R. Co. ET AL.

1. **Railroads**: RIGHT OF WAY. While a railway company cannot condemn more than one hundred feet in width for right of way, it is not necessary that it should locate its track in the middle of the land condemned.

2. ——:——. The fact that it owns land adjacent to that which it seeks to condemn will not restrict its right of condemnation.

*Appeal from Monona District Court.*

TUESDAY, JUNE 13.

THE plaintiff owns a certain lot in Onawa, Monona county. The defendant's track is located across the east end of said lot. The lots east of and adjoining the track are owned by the defendant. There is no evidence as to how defendant acquired them. The defendant gave plaintiff notice of proceedings to condemn her said lot.

This suit was brought to enjoin the proceedings so far as to restrict the defendant to so much of said lot as lies not more than fifty feet from the center of the main track. The injunction was granted, and on hearing was made perpetual. Defendant appeals.

*Joy & Wright*, for appellant.

*Monk & Selleck*, for appellee.

ADAMS, J.—The statute provides that "any railroad corporation * * may take * * so much real estate as

may be necessary for the location, construction and convenient use of its railway  *  *  the land so taken otherwise than by consent of the owners shall not exceed one hundred feet in width, except for wood and water stations, unless where greater width is necessary for excavation, embankment, or depositing waste earth." The amount sought in this case is less than one hundred feet in width, but extends more than fifty feet from the center of the track.

We know of no law which limits the company to fifty feet on each side of the center of its track. While the company, except for special purposes, cannot condemn more than one hundred feet, it may locate its track wherever it pleases on the land condemned. If, then, the defendant ought to be restricted as the injunction provides, it must be either because more land is not necessary, or because the company owns the lots on the east side of the track. Where a railroad company applies for a hundred feet or any less amount for a right of way, we think it must be conclusively presumed that the amount applied for is necessary.

The company is certainly the best judge as to how much land it needs, and should not be subjected to the embarrassment of proving it in court.

There remains, then, only to be considered, what is the effect of the company's owning land adjacent to that which it desires to condemn. May it condemn the same width that it might otherwise condemn, and if not, what amount, if any? Suppose the land owned by the company is not suitable for its track; must it first sell its land in order that it may condemn what it needs? We think not. It cannot condemn, it is true, except for "the location, construction, and convenient use of its railway."

The railway, then, must be located on the land condemned. With this restriction the land may extend in either direction within the limitation fixed by statute, that the land taken shall not exceed one hundred feet. If the company owns land on one side, the land condemned may extend in the other direction one hundred feet therefrom.

REVERSED.