CLARDY v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroad**: LIABILITY FOR KILLING STOCK: FENCES. In an action against a railroad company, for killing hogs, founded on the 43rd section of the railroad law, (Wag. Stat., p. 310,) it appeared that there were defective fences on both sides of the road where the hogs were killed, but it did not appear that the hogs got on the track in consequence of the failure of the defendant to erect fences where by law it was required to erect them, or that at the place where they were killed the defendant was required to erect fences. *Held*, that the plaintiff was not entitled to recover.

2. ———— : ———— : ————. Before a railroad company can be held liable under the 43rd section of the railroad law for the killing of stock occasioned by defective fencing, it must appear that the company knew, or, by the exercise of reasonable diligence, could have known of the defect, and that a reasonable time for making the necessary repairs had elapsed after the acquisition of such knowledge, or after the time at which such knowledge should have been acquired.

*Appeal from Madison Circuit Court.*—HON. J. B. ROBINSON, Judge.

REVERSED.

*W. R. Donaldson* and *Smith & Krauthoff* for appellant.

The company is not liable. It does not appear that it had knowledge of the fact that the fence was out of repair, and that a reasonable time elapsed after it became possessed of such knowledge, within which it might have repaired such fence. A railroad company is required to use only ordinary care to keep such fences in repair. *Lemmon v. R. R. Co.*, 32 Iowa 151; *Ill. Cent. R. R. Co. v. Swearingen*, 47 Ill. 206; *C. & N. W. R. R. Co. v. Barrie*, 55 Ill. 226. The statute does not make the company absolutely liable for injuries resulting from a casual defect in the fencing, as it were an insurer. Its liability in such a case is a question of neglect of duty. *Murray v. R. R. Co.*, 3 Abb. Ct. of App. Dec. 339; *s. c.*, 4 Keyes 274; *Wheeler v. Ry. Co.*, 2 N. Y. S. C. (Thomps. & Cook) 634. And the burden of proof was upon the plaintiff to show such knowledge on the part of defendant and its failure to repair in a reasonable time. *Wheeler v. Ry. Co., supra*; *Comstock v. R. R. Co.*, 32 Iowa 376; *Railroad Co. v. Enochs*, 42 Miss. 603.

*J. D. Perkins* for respondent.

HOUGH, J.—This was a suit under the 43rd section of the railroad corporation act. The statement is like that in the case of *Key v. Railway Co., ante*, p. 475, which was held to be sufficient.

There were defective fences on both sides of the road where the hogs were killed, but it does not appear that the hogs got on the track in consequence of the failure of the defendant to erect fences where by law it was required to erect them, nor does it appear that at the place where the hogs were killed the defendant was required to erect fences

—*non constat*, but that they were killed at a point on the road where the company could lawfully fence, but was not by law required to fence. *Edwards v. Hannibal & St. Joseph R. R. Co.*, 66 Mo. 567.

It is further objected that it does not appear from the testimony that the defendant knew, or by the exercise of reasonable diligence could have known of the defect in the fence, and that a reasonable time had elapsed after the acquisition of such knowledge, or after the time at which such knowledge should have been acquired, in which the company could have repaired the same. After fences have once been erected as required by law, the company is only liable for a negligent failure to maintain such fences, and it is, therefore, entitled to a reasonable time, in which to make repairs, after having knowledge of a defect therein, or after that period has elapsed, in which, by the exercise of reasonable diligence it could have had knowledge of such defect. Shearman & Redfield on Neg., § 459, and cases there cited. The judgment will be reversed and the cause remanded. All the judges concur.