77 591
36a 385
77 591
f152 232

</div>

CHUBBUCK v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroads**: LIABILITY FOR KILLING STOCK: COMPLAINT. In an action against a railroad company for killing stock, founded on the 43rd section of the Railroad Law, (R. S. 1879, § 809,) it is sufficient that the complaint allege the requirements of the statute in respect to the maintenance of fences and cattle-guards, the negligent failure to maintain the same, and that the killing was occasioned by such failure: it is not necessary to allege that the defects complained of were permitted to remain longer than was necessary, by the exercise of reasonable diligence, to discover and repair them.

2. **Instructions.** It is error to submit a question to the jury in relation to which there is no evidence.

3. ———. An instruction is erroneous which directs the jury to consider positive and affirmative evidence in preference to that which is negative and circumstantial.

*Appeal from Caldwell Circuit Court.*—Hon. E. J. Broaddus,. Judge.

Reversed.

*Geo. W. Easley* for appellant.

*Johnson & Dilley* for respondent.

Hough, C. J.—This action was begun before a justice. of the peace to recover damages for the killing of plaint-iff's steer on July 8th, 1879, which killing was alleged to have been occasioned by the failure of the defendant to maintain good and substantial fences and cattle-guards, as. required by section 43 of the Railroad Corporation Law. After alleging generally the failure of the defendant to maintain fences and cattle-guards, the negligence of the defendant in that regard, it more particularly alleged as. follows: " That the defects in said fences and cattle-guards. had existed for a long time prior to the 8th day of July, 1879, and the defendant, its agents and servants had knowl-edge of said defects." The testimony was conflicting as to whether the steer was struck on the road-crossing or inside the cattle-guards. As to the condition of the fences,. one witness testified that " the fence had been down all summer," and that the section boss knew it. It appears,. also, that the cattle-guards were out of order, but it does. not appear how long they had been so, or that the agents. of the defendant knew of their defective condition.

At the instance of the plaintiff, the court instructed the jury that if the steer got upon defendant's track, and was killed, at a point where the track passed along, through or adjoining inclosed or cultivated fields, by reason of the failure and neglect of defendant to maintain suitable and sufficient cattle-guards, they should find for the plaintiff.

At the instance of the defendant, the jury were in-structed that, if plaintiff's steer was struck and injured

while on the road-crossing, they would find for the defendant.    There was a verdict and judgment for plaintiff.

It is contended by the defendant that the extract from the complaint above quoted contains no sufficient allega-

1. RAILROADS: lia-
bility for killing
stock: complaint.

tion of negligence in that it fails to state that the alleged defects had been permitted to remain longer than was necessary, by the exercise of reasonable diligence, to discover and repair them.    It is the doctrine of this court that a general allegation of negligence is sufficient; that is, it is sufficient to aver that the defendant negligently performed or negligently omitted to perform some act, the performance or non-performance of which caused the injury complained of.    *Mack v. St Louis, K. C. & N. R. R. Co., ante,* p. 232.    The complaint in this case, apart from the extract above quoted, alleges the failure of the defendant to maintain fences and cattle-guards at the places and in the manner required by law, setting forth the requirements of the statute.    Now, to go further, and allege that the fences had been down, or the cattle-guards out of repair for a certain period of time, and that the defendant had notice thereof, and that a reasonable time thereafter had elapsed within which defendant might have repaired the same but omitted to do so, would simply be pleading the evidence of the negligent failure to maintain the fences and cattle-guards, and is, therefore, not required.

It was shown that the defective condition of the fences was known to the defendant's agents for some time, but it

2. INSTRUCTIONS.

does not appear how long the cattle-guards were out of repair, or that the agents of the defendant knew of their defective condition.    As the plaintiff, in his instruction given at his instance, based his right of recovery upon the defect in the cattle-guard, and not on the defect in the fence, the plaintiff should have shown that the defendant had notice of the defect, or that a reasonable time had elapsed in which, by the exercise of ordinary diligence, it might have discovered and repaired the same before the

38—77

injury was inflicted. *Clardy v. St. Louis, I. M. & S. R. R. Co.,* 73 Mo. 576. There being no testimony showing a negligent failure to maintain the cattle-guards, which it appears the defendant had once constructed, the court erred in submitting that question to the jury.

As the case must be re-tried, it will be proper to observe that the four instructions asked by the defendant and **s.** ———. refused by the court, were properly refused. Three of them have been abandoned in this court, and the remaining one, which tells the jury they " should consider positive and affirmative evidence in preference to negative and circumstantial evidence," is inapplicable to the facts in evidence, and is erroneous in itself. Circumstantial evidence is often more convincing than positive testimony.

The judgment will be reversed and the cause remanded. The other judges concur.