LEWIS B. DOUGHERTY AND LEWIS PENCE, ADMINISTRATOR OF DARWIN J. ADKINS, DEC'D., Respondents, v. WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1885.

1. PLEADING—MISJOINDER—ELECTION—MOTION TO ELECT.—Where a petition contained two distinct causes of action in one count, as in this case, *one* for damages done to a brick building by the construction of a railroad track within three feet of its front wall; and, *another,* for damages for trespass by defendant upon plaintiff's land, there was a misjoinder. And a motion to *elect* should have been sustained.

2. RAILROADS—RIGHT OF WAY—LOCATION OF TRACK UPON—THE TRACK MAY "FLOAT."—The strip of land used as a right of way by a railroad, is under the control of the company, and it may locate its track in such portion of the right of way as it may deem proper; and one location of its track will not deprive it of the right to

make another location. The right of way may not "float," but the *track* may "float" to any portion of the right of way, but it may be liable in damages for the negligent construction of its track so changed in location.

APPEAL from Clay Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

The defendant is a railroad corporation duly created and existing under the laws of this state, and as such corporation is the successor of the North Missouri Railroad Company, and entitled to all the rights of the latter company in the matters involved in this suit.

In 1865 John Baxter and his wife, Sarah Baxter, conveyed to the North Missouri Railroad Company a right of way over and through certain lands, then owned by them, in the vicinity of Liberty Landing, in Clay county. This right of way was to have an extension of one hundred feet in width, or as much more as might be necessary for the construction and operation of the railroad, according to the nature of the ground. The North Missouri Railroad Company located its railroad track on the lands over which said right of way was thus granted.

After said location, in 1868, John Baxter and Sarah Baxter, his wife, conveyed to said North Missouri Railroad Company a strip of land, through the said lands above mentioned, three hundred feet wide—one hundred and fifty feet on each side of said company's railway track from the center line thereof, and two thousand feet long. The petition alleges that the second conveyance was made to make the grant to the said company more definite. Presumably this is true. At any rate we shall presume such to have been the case. Afterwards the defendant succeeded the North Missouri Railroad Company, and as such became the owner of said company's property, and entitled to all its rights in the premises. And, after having become such successor, the

defendant conveyed to said John Baxter a portion of the land included in the second conveyance to the North Missouri Railroad Company. Upon the strip of land so conveyed by defendant to John Baxter there were certain buildings, one of which was a two-story brick building.

John Baxter afterwards died, and Darwin J. Adkins, by purchase, succeeded to all of Baxter's rights in all of said premises. Said Adkins instituted this suit and obtained the judgment herein, from which the defendant appealed. After the appeal Adkins died, and by agreement of parties the cause has been here revived in the names of his administrators.

The petition alleges that at the time of the first grant to the North Missouri Railroad Company, there was ample space between the buildings mentioned and the Missouri river for the safe location of said company's track, without interfering with, or injuring said buildings, and that said company made such location of its track. The location was, as we have said, made by the company prior to its second grant.

The petition further alleges as follows:

"Plaintiff states that said defendant, after it came into the possession, and operation, and use of said North Missouri Railroad, neglected to adopt necessary and reasonable precautions for the protection of its road-bed, where the same runs through said southwest quarter of said section twenty-nine, but suffered said Missouri river to encroach upon its railroad, and on the ——day of May, 1883, changed the original location of said railroad made by said North Missouri Railroad Company under said Baxter conveyance, and re-located said road-bed along the south line of said tract owned by plaintiff, as aforesaid, the ties of said road-bed abutting said south lines and passing within three feet of the front wall of said two-story brick buildings, thereby greatly depreciating the value of said buildings, and subjecting the defendant's said land, against which said road-bed abuts, to its use for purposes of excavating,

ditching and repairing of road-bed, to which purposes it has been appropriated by defendant.

"Plaintiff states that by said re-location he has sustained damages to said buildings, and to said land, by said appropriation thereof, in the sum of one thousand dollars, for which he prays judgment, and for all costs in this behalf incurred, and for all proper relief."

The defendant moved the court to compel plaintiff to elect on which cause of action he would proceed to trial, "for the reason that the petition in one count stated two causes of action, to-wit:

"1st. A cause of action arising from damage from operation of its railway.

"2nd. An action for damages for trespass on his lands."

The court overruled said motion.

The defendant objected to the introduction of any evidence, by the plaintiff, for the reason that the petition failed to state facts sufficient to constitute a cause of action. This objection was overruled by the court.

The court, for plaintiff, instructed the jury as follows:

"1. The defendant had the right to locate its road-bed on the land of John Baxter, between the building in controversy and the Missouri river, and also had the right to re-locate its road-bed within its right of way. But it was the duty of the defendant to so exercise said rights as to do no unnecessary damage, and if the building in controversy was owned by plaintiff, and was unnecessarily damaged by defendant in re-locating its road-bed, the plaintiff is entitled to recover the amount of damage the evidence shows he has sustained, not exceeding one thousand dollars."

For the defendant, the court instructed the jury as follows:

"2. If the jury find from the evidence that defendant's track, as re-located, is wholly within its right of way, they will find the issues for the defendant."

The jury returned a verdict in favor of plaintiff, for the sum of one hundred dollars.

GEORGE S. GROVER, for the appellant.

I.   The petition is fatally defective.   There is no act of malfeasance, or of misfeasance alleged.   It is averred that defendant re-located its track along the boundary of its right of way.   This it had a perfect right to do. *Munkers v. R. R.*, 60 Mo. 338; Mills on Em. Dom., sect. 211; *Stark v. R. R.*, 43 Iowa 502.   And it was not alleged that the track was constructed in an improper manner. *Rundle v. R. R.*, 65 Mo. 332; *Cross v. R. R.*, 77 Mo. 321; Wood on Nuis., sect. 753; *Hatch v. R. R.*, 25 Vt. 67.

II.   There was a misjoinder of causes of action in one count. *McCoy v. Yager*, 34 Mo. 134; *Otis v. Mechanic's Bank*, 35 Mo. 128; *Christal v. Craig*, 80 Mo. 371.

III.   The demurrer to the evidence should have been sustained.   Cases under I, *supra*.

IV.   The instruction given for plaintiff was erroneous.

SAMUEL HARDWICKE, and SIMRALL & SANDUSKY, for the respondent.

I.   When John Baxter, by deed of gift, relinquished to the railroad company a right of way through his land by the indefinite description contained in his deed, the law required the railroad company, in locating its road-bed under said grant, to do so in such manner as to do the least possible injury to grantor, consistent with the accomplishment of the end in view; and the actual location made of the road-bed, will be presumed to be in accordance with the actual intent of the parties.   The subsequent change of the road-bed (necessitated by the failure to protect the track from the encroachment of the river), in such manner as to totally *destroy said warehouse*, was an act outside of the original intent of the parties, giving rise to an element of damage not before

contemplated, and an act not protected by the deed when viewed in the light of the circumstances attending the grant and original location.   Pierce on Railroads, 218; Field on Corp., sect. 549; *Railroad v. Hatfield*, 18 N. J. Eq. 323.

II.   The defendant was responsible for the damage arising from the change of road-bed.   *Hays v. The Cohoes Co.*, 2 N. Y. 159; Const. Mo. (1875), Art. II, sect. 21.

## I.

HALL, J.—The motion to elect should have been sustained.   There was a misjoinder of two distinct causes of action in one count.   *McCoy v. Yager*, 34 Mo. 134; *Otis v. Mechanics' Bank*, 35 Mo. 128; *Christal v. Craig*, 80 Mo. 371.

One cause of action was for damages done to the brick building on account of the construction by defendant of its railroad track in its land "within three feet of the front wall of said two-story brick buildings."   The other cause of action was for damages for trespass committed by defendant upon plaintiff's land.

## II.

"The strip of land used as a right of way is under the control of the company, and they may locate their track in such portion of the right of way as they may deem proper.   In conveyances the owner should specify if he desires a particular location; otherwise, the company may use their discretion."   Mills on Eminent Domain, sect. 211.   See, also, *Munkers v. R. R. Co.*, 60 Mo. 334, and *Stark v. R. R. Co.*, 43 Ia. 501.

There is, in the petition, no allegation of negligence, or carelessness on the part of the defendant, in the construction of its railroad track.   There was no evidence of such negligence, or carelessness.   Under the facts of this case, then, the latter clause of the instruction given for the plaintiff can be upheld only upon the theory that the defendant is liable for the damages

caused by moving its track from its original location to another location on its land, within three feet of the brick building, provided that the change of location was unnecessary. Waiving all question of pleading and evidence, and meeting the question thus presented, we hold that in .the light of reason and the authorities above cited, said instruction was erroneous. The defendant had the right to locate its track at its will and pleasure upon any part of its right of way. And one location of isɪtrack did not deprive it of the right to make another location. There is a vast difference between the location of a right of way and the location of a track on a right of way. The right of way may not "float," but the track may "float" to any portion of the right of way.

Of course, if the defendant failed to use ordinary care in the construction of its track, it was liable for any damages caused thereby, but no such issue was presented by the pleadings in this case. The instruction given for the defendant was proper. The instruction given for plaintiff was inconsistent with that instruction, and for that reason also should not have been given.

Judgment reversed and cause remanded. All concur.