HENRY DOOLEY, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 14, 1889.

1. **Damages**: FENCES: RAILROADS: NOTICE: INSTRUCTIONS. In an action for damages for the killing of stock by a railroad train, where the testimony does not tend to show that the defendant at any time had a lawful fence along its right of way, an instruction, which does not require the jury to find that the defendant had notice of the defects in the fence, is not, therefore, erroneous.

2. —— : PRACTICE, TRIAL : PLEADINGS. Alleged defects of a petition in that it does not specifically allege the damage done to each head of cattle, and that it avers damages sustained at different times, can not be reached by a motion to make the petition more definite and certain.

3. —— : PLEADING. When the plaintiff only seeks to recover for the damages which naturally resulted from the negligent acts complained of, the particulars in which he has been damaged need not be specifically stated.

4. ————: NO LIABILITY, WHEN. A railroad company is not, by reason of its failure to fence its tracks, liable for the loss of flesh of cattle caused by their becoming frightened at passing trains while they are upon the railroad company's right of way.

*Appeal from the Monroe County Circuit Court.*—Hon. THOMAS H. BACON, Judge.

REVERSED (*nisi*).

W. A. *Martin*, for the appellant.

The court erred in overruling appellant's motion to require respondent to make the second count of his petition more specific. R. S., secs. 3511, 3512. The court erred in permitting respondent to introduce evidence on the second and third count of the petition against the objection of appellant. R. S., secs. 3512, 3515; *Ashby v. Winston*, 26 Mo. 210; *Garnes v. McCollough*, 48 Mo. 318; *Grove v. City of Kansas*, 75 Mo. 672, p. 675 especially. When a statute gives a right which did not exist by common law and a remedy for that right. The remedy thus given must be strictly pursued. *Moore v. White*, 45 Mo. 206. The railroad company is not required by statute to have lawful fence on the sides of its road to keep other people's stock from getting scared and failing to gather flesh. Neither is it bound to do so by the common law. *Hughes v. Railroad*, 66 Mo. 325; *Turner v. Thomas*, 71 Mo. 596; *Seibert v. Railroad*, 72 Mo. 565; *Halferty v. Railroad*, 82 Mo. 90. The court erred in refusing appellant's introduction in the form of a demurrer to testimony at the close of appellant's evidence. *Buesching v. Gas Co.*, 73 Mo. 219; *Frick v. Railroad*, 75 Mo. 595. The court erred in giving respondent's instructions on counts numbers one and two in not requiring the jury to find that appellant had notice of the defects in the fence through which the cattle passed onto the railroad right

of way to where the injuries happened. *Mead v. Brotherton*, 30 Mo. 201 ; *Mansur v. Botts*, 80 Mo. 651 ; *Sherdy v. Streeter*, 70 Mo. 679, center p. 684 ; *Bank v. Murdock*, 62 Mo. 70, top p. 74; *Seymour v. Seymour*, 67 Mo. 303 ; *Jackson v. Bowls*, 67 Mo. 609 ; *Crews v. Lockland*, 67 Mo. 619 ; *Vinyard v. Railroad*, 80 Mo. 92, and cases there referred to.

BIGGS, J., delivered the opinion of the court.

This is an action for damages, begun in the circuit court of Monroe county. The petition contains three counts. The cause of action stated in the first count is for double damages, under section 809, Revised Statutes, for killing three head of four-year old cattle, the property of the plaintiff, of the alleged value of one hundred and fifty dollars. The plaintiff averred that in July, 1887, he was the owner of a farm in Monroe county, and the defendant's railroad extended along the west line of this farm for the distance of one mile ; that the defendant had failed and neglected to erect a lawful fence along the right of way where the same passed through or along the plaintiff's farm, and by virtue of this, the plaintiff's cattle escaped from his farm onto the railroad track and were there struck and killed by the defendant's engine and cars.

The plaintiff in the second count claims that from April 1 to August 15, 1887, he was the owner of one hundred and eight head of cattle, and that during this time he was grazing and feeding them on that portion of the farm along said railroad. That at divers times between said dates, by reason of the failure of the defendant to erect lawful fences, the plaintiff's cattle went upon the defendant's right of way, and being frightened by the defendant's locomotives and trains, ran against a wire fence and other obstructions along the line of the defendant's railroad, by which they

were cut, bruised, and lacerated, to the plaintiff's damage in the sum of five hundred dollars. The plaintiff also asked the court to tax as costs a reasonable attorney's fee.

The cause of action stated in this count is based on an amendment to article 2, entitled railroads (R. S. 1879), passed by the legislature in 1885. (Sess. Acts, 1885, p. 88.)

The third count is a common-law action for damages, in which the plaintiff alleges that the same lot of cattle, by reason of the failure of the defendant to erect and maintain a lawful fence as charged in the other counts at divers times, between the first day of April and the fifteenth day of August, escaped or strayed onto the right of way of the defendant's railroad, through defective places in the wire fence which the defendant had erected, and became frightened at the defendant's locomotives and trains, by which they were kept in a constant state of alarm; by reason of which, they not only failed to gather or take on any additional flesh, but during the time decreased in flesh, although being well fed; by reason of which the plaintiff was damaged in the sum of seven hundred and fifty dollars.

The defendant's answer was a general denial. The trial resulted in a judgment for one hundred and fifty dollars on the first count, which the court doubled as required by section 809, Revised Statutes.

On the second count a judgment for one hundred and fifty dollars was entered, and the sum of four hundred and fifty dollars was awarded the plaintiff on the third count, making a total of nine hundred dollars.

The company has brought the case here by appeal and assigns for error the action of the court as to the admission and rejection of testimony, and giving and refusing instructions. The defendant has also specially assigned for error the action of the court in overruling a motion filed by defendant to require plaintiff to make

the cause of action stated in the second count of his petition more definite and certain ; and also objected to the admission of any testimony on the second and third counts ; and the refusal of the court to sustain the demurrer to the evidence introduced by the plaintiff in support of the second and third counts.

The evidence in the case fully warranted or authorized the judgment on the first count, and the only error complained of by the defendant in reference thereto, which is worthy of notice, was that the plaintiff's instructions did not require the jury to find that the defendant had notice of the defects in the fence through which the cattle passed onto the right of way of the defendant's railroad. There would be some force in this if the testimony showed or had a tendency to show that the defendant had at any time erected a lawful fence along that portion of its right of way ; but on the contrary, the entire testimony tends to prove that the fence never did meet the requirements of the law. *Vinyard v. Railroad,* 80 Mo. 92 ; *Clardy v. Railroad,* 73 Mo. 576 ; *Morris v. Railroad,* 79 Mo. 368 ; *Chubbuck v. Railroad,* 77 Mo. 591.

The defendant first challenged the sufficiency of the second count, by motion to make the same more specific and certain. In this motion the defendant asked that the plaintiff be required to so amend this count, as to show specifically the damage done to each head of cattle. The defendant in this motion also questioned the sufficiency of this count, because it averred damages sustained at different dates. If two or more causes of action were mingled or joined in this count, the defect could not be reached by motion to make the pleadings more definite and certain. The proper and only practice in such cases is, by motion to require the plaintiff to elect. *Dougherty v. Railroad,* 19 Mo. App. 419 ;

*Offield v. Railroad*, 22 Mo. App. 607. The other objection urged against the pleading we think untenable. When the plaintiff only seeks to recover for the damages naturally resulting from the negligent acts complained of, the particulars in respect to which the plaintiff has been damaged need not be stated. Bliss Code Pl. 297*a* ; *State v. Blackman*, 51 Mo. · 319. In an action for a tort, the defendant has no right to demand a bill of particulars. *VonFragstein v. Windler*, 2 Mo. App. 598.

The defendant also complains that the court failed to instruct the jury that before the defendant could be held for damages under the second count it must appear that the defendant had notice of the defect in the fence and failed to repair it. This objection is disposed of by what has been already said by us in disposing of the alleged errors growing out of the first count. The evidence, as preserved in the record, fully authorized the verdict of the jury on the second count, and as the jury was properly directed by the court as to the law, we can not disturb the judgment on this count.

But under our view of the law, no cause of action is stated in the third count of the petition. Counsel for the respondent has failed to file a brief, and we are not advised of the views of the learned judge who tried the case, touching the defendant's liability for such damages. The only act of negligence, on which the plaintiff's right to recover is predicated, was the failure of the defendant to erect fences along the line of its road. There is no allegation of any special negligence in running trains by which the plaintiff's cattle were kept in a continual state of alarm.

The right of the defendant to operate a railroad necessarily included the right to make noise incident to the successful running of trains, and if the plaintiff's stock was frightened by the noise of moving trains or locomotives on the defendant's road, and while the

defendant was in the careful exercise of its legal right, we can not see upon what principle of law the plaintiff can recover for the damages which he claims he sustained on account of this.

It seems that the plaintiff based his right to recover on the ground that the defendant had permitted its fence, through his farm, to get out of repair, and that the plaintiff's cattle got onto the defendant's right of way through defective places or gaps in this fence, and that they would then become frightened at passing trains and would have to run some distance along the right of way before they could make their escape. If it be admitted, that by reason of the facts above stated, the plaintiff's cattle failed to gather flesh, does the statute or the common law furnish the plaintiff a remedy against the defendant for such damages? So far as the defendant's liability at common law is concerned it is settled adversely to the plaintiff in case of *Hughes v. Railroad*, 66 Mo. 325. In that case, the defendant had failed to fence its right of way and the plaintiff's animal, while on the right of way, fell into an open well. The court held the defendant not liable. The court proceeded upon the theory that at common law the defendant, like any other land-owner, had a right to leave its land unfenced, and that it owed no duty to third persons as to stock grazing or trespassing thereon. In other words, there was no legal obligation resting on the defendant to make its right of way safe and suitable for pasturage for other people's stock. If the law of this case has, in any way, been modified or departed from in this state, we are not advised of it. We have examined the adjudicated cases with considerable care, and we have found no case that upholds the plaintiff's right at common law, to recover of the defendant such damages, as the plaintiff seeks.

If the common law furnishes the plaintiff with no remedy, it is quite clear that the statute has failed to

create any such. The statute only provides remedies for injuries to live stock by a railroad that has failed to fence its road in the following cases, to-wit: *First.* Under section 809, double damages may be recovered when there has been an actual collision or striking of an animal by a moving train. *Second.* Under the railroad law, as amended in 1885, a recovery may be had when stock, on account of fright from a moving train, has been injured by running against any obstruction, etc., on or near the right of way of a railroad.

It is very clear that neither one of these statutes can be construed so as to cover damages sustained by cattle on account of being frightened by passing locomotives, and thereby preventing them from fattening; and outside of these statutes there can be no recovery for injuries to stock except on proof of actual negligence by railroad companies in running trains. In the case at bar, it was the duty of the plaintiff, either to put a herder with his cattle, or build the railroad fence himself, at the expense of the railroad company.

Our conclusion is that the finding of the jury on the first and second counts was right, and that the judgment of the court to this extent is right. But the finding of the jury on the third count, and the judgment of the court thereon, can not be upheld.

The judgment in the case will be reversed, unless the plaintiff, within ten days after the filing of this opinion, will remit the amount recovered under the third count, to-wit, four hundred and fifty dollars. If this be done, the judgment will be affirmed as to the residue. All the judges concur.