JOHN B. CRANDALL, Appellant, v. THE DES MOINES, NORTHERN & WESTERN RAILROAD COMPANY AND THOMAS MILLER, Sheriff.

Railroads: CONDEMNATION OF ADDITIONAL DEPOT GROUNDS: *Conditions precedent.* Code 1873, section 1241, provides that a railway corporation may take and hold "so much real estate as may be necessary for the location, construction and convenient use of the railway. The land so taken otherwise than by the consent of the owners, shall not exceed one hundred feet in width, except for wood and water stations, unless where greater width is necessary for excavation, embankment or depositing waste earth." Acts Twentieth General Assembly, chapter 190, section 1, provides that any completed and operating railway company "shall have power to condemn lands for necessary additional depot grounds in the same manner as is provided by law for the condemnation of the right of way," but also provides that before such condemnation the company shall apply to the railroad commissioners who shall notify the land owners, and certify to the district court of the county the amount and description of additional lands necessary for the company. *Held,* that where a railroad completed and in operation, desires land one hundred feet in width for additional depot grounds the action of the commissioners must precede the effort to condemn, without regard to whether the land already occupied by the company was obtained by purchase or condemnation.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, OCTOBER 30, 1897.

THE defendant company owns a line of road from Des Moines to Fonda, passing through Calhoun county. When the road was built, the company building it purchased at one of the stations a strip of land two hundred feet in width, and located thereon its depot and side tracks. This proceeding is to condemn an additional one hundred feet in width. Proceedings were had to that end, so that a jury to make the appraisement was appointed; and, before the appraisement was made, a preliminary injunction was obtained in this suit and proceedings stayed. The district court dismissed the petition, and dissolved the injunction, from which order the plaintiff appealed.—*Reversed.*

*Stevenson & Lavender* for appellant.

*Cummins, Hewitt & Wright* for appellee.

GRANGER, J.—The following is a part of the law for the condemnation of private property for works of internal improvement, being section 1241 of the Code of 1873: "Any railway corporation organized in this state, or chartered by or organized under the laws of the United States, or any state of territory, may take and hold, under the provisions of this chapter, so much real estate as may be necessary for the location, construction and convenient use of its railway, and may also, take, remove and use for the construction and repair of said railway and its appurtenances, any earth, gravel, stone, timber, or other materials, on or from the land so taken; the land so taken otherwise than by

the consent of the owners, shall not exceed one hundred feet in width, except for wood and water stations, unless where greater width is necessary for excavation, embankment, or depositing waste earth." It is conceded in argument that the additional strip of land is not for wood or water stations, or for excavation or embankment or deposit of waste earth. The only other purpose for which it could be taken by the company in such a proceeding would be "for the location, construction, and convenient use of its railways," and such is the purpose for which the company claims the right. Without question, the additional land is desired for additional depot ground, at a station called "Lohrville;" and there is no dispute but that the additional land is needed for such purposes. The following is section 1, chapter 190, Acts Twentieth General Assembly: "Any railway corporation owning or operating a completed railway in the state of Iowa, shall have power to condemn lands for necessary additional depot grounds in the same manner as is provided by law for the condemnation of the right of way; provided, that before any proceedings shall be instituted to condemn such additional grounds the railway company shall apply to the railway commissioners, who shall give notice to the land owner and examine into the matter and report by certificate to the clerk of the district court in the county in which the land is situated, the amount and description of the additional lands necessary for the reasonable transaction of the business, present and prospective, of such railway company. Whereupon said railway company shall have power to condemn the lands so certified by the commissioners." The contentions arise over the construction of the sections of the law quoted, it being that of appellant that, as the land is not needed for wood or water stations, nor for excavations, embankment, or deposit of earth, the company is only entitled to one hundred

feet in width of right of way, whether it is obtained by purchase or by condemnation, except for additional depot grounds, when it must, as a condition precedent to proceedings to condemn for such purpose secure the action and report of the railway commissioners. Appellee's contention is that the purchase by the company of lands for a right of way or for depot grounds is no limitation on its right to condemn the one hundred feet prescribed by the statute; that, as to the action of the commissioners, the law has no application, except when it is sought to condemn grounds additional to the one hundred feet that has been condemned. Several cases are cited by appellant which are determined upon facts that do not give them force or authority in this case.    The case relied upon by appellee is that of *Stark v. Railroad Co.*, 43 Iowa, 501.   It is said by appellant that the case is not in point, because the record, as seen by a reference to the abstract, shows that the application in that case was to condemn the land for wood and water stations.    We have examined the record, and the use for which the land was sought was for the "convenient use of said railroad, and for wood and water stations."    The opinion, in terms, makes no reference to wood and water stations; and how much weight was given that particular fact in reaching the conclusion does not appear.    There is reason to think the conclusion was reached independent of such considerations, because of such want of reference and the general thought of the opinion.    The law contemplates that a company constructing its line of railroad may have, for a just compensation, a right of way one hundred feet in width.    The theory of the law is, as to its acquisition, that it shall be, first, by an agreement with the owner for the grant and the compensation to be paid.    If the grant is refused, the law makes it; and, if there is a failure to agree upon compensation, the law provides a way for its adjustment.

If we have appellee's position correctly, it is that in cases where the landowner grants the right of way by a deed therefor, so that it is called a "purchase," such a grant is no limitation on the company to afterwards take one hundred feet more by condemnation for the convenient use of the road; but, if the landowner so refuses, that an assessment is made by a jury, and the right of way is thus taken, then the limit of the law applies, and no more can be taken by condemnation for such use. We speak now of the right of way generally, without reference to depot grounds, where more than the one hundred feet are needed.

It seems to us that appellee's contention embraces questions not necessarily involved in this case. The section providing for a right of way for the construction of a road and the one providing for additional depot grounds should be construed together. The general law as to rights of way for railroads, and the manner of obtaining them, has reference mainly to the location and construction of the road, so as to put it in operation when it is, in legal contemplation, a "completed railway." Before the proceeding in question, to condemn, the defendant company was operating a completed railway in Iowa, and at the point in question it had its depot and side tracks. Had the land, at this particular point, been obtained by condemnation proceedings, there would be no question but that before the proceedings to condemn for additional depot grounds, there must have been the action of the railway commissioners as a condition precedent. The entire subject is on of legislative control, and the Act of the Twentieth General Assembly providing for such action by the railway commissioners makes no limitations on their right to act, except that it must be a "railway corporation owning and operating a completed railway in the state of Iowa." There is nothing

in the act to indicate a legislative purpose to distinguish between cases in which the right of way, at the point in question, was obtained by a purchase of the land, or by condemnation. It is as much a completed railway in one case as in the other, and, in express terms, the law is made applicable to a completed railway in operation. With the most liberal construction placed on section 1241 of the Code of 1873, permitting the company to take and hold so much real estate as may be necessary for its location, construction, and convenient use, it still remains that the Act of the Twentieth General Assembly ingrafts on it the modification that if the road is completed and in operation, and the land is for additional depot grounds, the action of the commissioners must precede the effort to condemn. In dismissing the petition and dissolving the injunction the court erred.— REVERSED.