No. 15,351.

SCHAEFER ET AL. *v.* SCHOOL DISTRICT NO. 18, OF
ARAPAHOE COUNTY.
(141 P. [2d] 903)

Decided September 13, 1943.   Rehearing denied October 4, 1943.

Mr. C. C. CONANT, for plaintiffs in error.

Mr. EARL J. HOWER, Mr. GLENN L. DALY, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING in eminent domain instituted by a school district. Judgment, challenged by respondents, authorizing entry upon and use of the land by the district upon payment of the value of the premises taken as fixed by the jury, was entered.

It appears that at the time of the institution of the proceedings, and for some years prior thereto, the district owned three acres of land, all secured other than by condemnation, and which it had improved and was using for school purposes; that the land now sought to be taken is a platted block, lying "adjacent to and in the same place and location" of the district's present holdings and improvements, and is to be used as an "athletic field and playground" in connection therewith. The question is, May the district, already the owner of three acres of land which it is using for school purposes, take and enjoy other land at the same place and location "otherwise than by consent of the owner thereof."? The district relies upon section 1, chapter 200, S.L. 1941 (1942 Supp. '35 C.S.A., chapter 146, section 74), which reads in part: "It shall be lawful for any school district in this state to take and hold, under the

provisions of any law now or hereafter in force providing for the exercise of the right of eminent domain, so much real estate as may be necessary for the location and construction of a school house and convenient use of the school; provided, that the real estate so taken otherwise than by consent of the owner thereof, shall not exceed three acres in any one place or location if real estate be unplatted and not exceeding one block if real estate be platted." The original statute limited the area which a district might thus acquire, to one acre, and made no distinction as to classes of school districts. S.L. '83, p. 263, §1. In 1907, the act was so amended that districts of the first class proceeding so, might obtain not to exceed "three acres, if real estate be unplatted, and not exceeding one block if real estate be platted, and in districts of all other classes, not exceeding one acre." S.L. '07, p. 562, §1. The amending act of 1941 (already quoted) eliminated the distinction as to classes of districts, and added the language, "in any one place or location," the evident contemplation being, that, need therefor appearing, and the law otherwise permitting, any school district may exercise the right of eminent domain in its efforts to secure places and locations for multiple school sites within its boundaries.

It is contended by plaintiffs in error, respondents below, that since at the "place and location" involved, the district already owns and employs for school purposes the full amount of land fixed by the statute as necessary, in the sense that it can be acquired through eminent domain, it may not, proceeding as of right, "take" additional land at that location. The district, urging contra, insists, that, regardless of the extent and manner of acquirement of its present holdings, unless and until it has exercised its right to take by condemnation, the privilege of the eminent domain statute continues and may be invoked at the district's pleasure.

If preceding the attempted action of school officials to condemn land at a given location, the district

otherwise has acquired land there to the extent prescribed by the statute pursuant to which it is making the effort, and which it has improved and is using for school purposes, as here, then, as we think, the whole purpose of the statute has been anticipated and accomplished. "Settlement by an eminent domainer, with one whose property has been appropriated, is equivalent to the full and complete exercise of the power of eminent domain. * * * However a corporation possessing the power of eminent domain acquires its rights, whether by purchase or condemnation, the rights acquired are the same; there is no magic in getting them under the power of eminent domain." *Pennsylvania R. R. v. Sagamore Coal Co.,* 281 Pa. 233, 126 Atl. 388. The Supreme Court of Iowa has said: "The theory of the law is, as to its acquisition, that it shall be, first, by an agreement with the owner for the grant and the compensation to be paid. If the grant is refused, the law makes it; and, if there is failure to agree upon compensation, the law provides a way for its adjustment." *Crandall v. D. M., N. & W. R. R. Co.,* 103 Ia. 684, 72 N.W. 778. The statutory emphasis, as we are persuaded, is upon the right of a school district to take and hold for school purposes land up to the amount of three acres, or a platted city block, and to the extent it is thwarted in that regard—not as to greater acreage, however desirable, or even needed—the right of eminent domain may be exercised. Giving consideration to the statute as of the time when "one acre" was the limit of the right of a school district to "take and hold," we said: "School districts are empowered to take and hold so much real estate as may be necessary for the location and construction of a school house, and convenient use of the school, not in excess of one acre. §4013 Mills' Stats." *Kirkwood v. School District,* 45 Colo. 368, 370, 101 Pac. 343. "If the authorizing statute limits the amount of land that may be condemned for a particular use, the statutory

limit, of course, restricts the area that can be taken." 18 Am. Jur., p. 736, §109.

The result of our study is that the district may not add lands to its present holdings "otherwise than by the consent" of those whose lands it desires. It follows that the judgment should be reversed, and the proceedings dismissed. Let it be ordered accordingly.