Wesley H. MEINDERS and Hildred Meinders, Plaintiffs in Error,

v.

BOARD OF EDUCATION OF WYNNEWOOD SCHOOL DISTRICT I–38; Board of Education of Pauls Valley School District I–18, Defendants in Error.

No. 38145.

Supreme Court of Oklahoma.

Sept. 22, 1959.

S. H. King, M. Hildred Meinders, Pauls Valley, for plaintiffs in error.

Haskell Paul, Curtis & Blanton, Pauls Valley, for defendants in error.

WELCH, Justice.

This is an action between plaintiffs and certain school districts as defendants, concerning the title to a small tract of land consisting of approximately two acres.

The parties occupy the same relative position here as in the trial court, and will be referred to herein as they there appeared.

Judgment was for the defendants before the trial court, and plaintiffs have appealed.

Essentially the facts are that common School District No. 49 of Garvin County, Oklahoma, the immediate predecessor in estate of the defendants, filed condemnation proceedings in 1909 against the then title owner in the county court of said county. The same was conducted under the provisions and by virtue of the 1903 Act of the Legislative Assembly of the Territory of Oklahoma. Laws 1903, c. 31. In 1909, upon completion of the condemnation proceedings, which purported to vest title in the school district, said school district took possession of the tract here involved, fenced the same and erected a school building and other improvements thereon. Said School District continuously operated and conducted a school on this property until July 9, 1954, at which time said school district was disorganized by order of the State Board of Education and annexed to the defendants. From July 9, 1954, to date of trial defendants were in possession of said

property, although the buildings thereon were no longer used for regular public school purposes.

The deeds under which plaintiffs acquired the 40 acre tract, and under which they claim title to the tract in question, are dated subsequent to July 9, 1954; in describing the land it is recited, "less one acre reserved for school."

This action was filed in February, 1957.

It is argued by the plaintiffs that the alleged condemnation proceeding to acquire the school site was void and passed no title to the defendants' predecessor in title, and as their second proposition plaintiffs argue that defendants acquired no fee simple title by adverse possession, that they had title by adverse possession for school purposes only.

In assuming, without deciding, that plaintiffs are correct in their first conclusion, the 1903 Act provided that in event of condemnation under said Act the title became vested in school district.

In the case of Skelly Oil Co. v. Kelly, 134 Kan. 176, 5 P.2d 823, at page 824, the court said:

"The word title has a variety of meanings. It sometimes connotes the means by which property in land is established, as in the expression 'chain of title.' It sometimes means 'property' or 'ownership' in the sense of the interest one has in land. A common meaning is complete ownership, in the sense of all the rights, privileges, powers, and immunities an owner may have with respect to land. Am.Law Inst.Restatement of the Law of Property, draft No. 1; introduction."

In the case of McMann v. McMann, 123 Okl. 26, 252 P. 1093, we held:

"Where an occupant of land under a judgment and decree in a divorce action holds the adverse possession of the same continuously for more than 15 years, under a bona fide claim of ownership, it will constitute a bar to an action for the recovery thereof by any one not under disability, and give a complete title to the occupant by prescription, although the judgment and decree is absolutely void."

In view of the above authorities under the facts here presented, we are of the opinion that it is unnecessary to determine the validity of the condemnation proceedings based upon the 1903 Act, since such proceedings did vest in the school district a color of fee simple title, and possession by the school district for a period of 45 years thereby ripened into title by prescription.

In the case of James v. Union Graded School District No. 2 of Muskogee County, 201 Okl. 573, 207 P.2d 241, 242, we held:

"In the absence of a license, which precludes the possibility of a claim of adverse possession, or the execution of an agreement in accordance with law granting the right of occupancy for a fixed period, the placing of a school building and other necessary appendages on the land of another, building a fence around the same, and conducting school and social functions thereon is evidence of adverse and hostile possession under which title may be claimed after fifteen (15) years."

Also see Liles v. Smith, 206 Okl. 458, 244 P.2d 582.

There was not even a prior color of title vested in the respective school districts in the two cases above referred to. However, it is clear here that the school district was at least vested with color of fee simple title by virtue of the condemnation proceedings, whether said proceedings were valid or void, thereby placing them in a much stronger position than the school district occupied in the James case, supra. Therefore we are of the opinion, and so hold, that the defendants are vested with fee simple title to said property in dispute by prescription.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACK-

**574**

BIRD, JACKSON and IRWIN, JJ., concur.

BERRY, J., concurring specially.

BERRY, Justice (specially concurring).

As I understand the law in this jurisdiction where an entity vested with power of eminent domain, enters into possession and improves land under defective condemnation proceedings, such appropriation will be treated as equivalent to title by condemnation regularly acquired. Shell Petroleum Corporation v. Town of Fairfax, 180 Okl. 326, 69 P.2d 649; St. Louis & S. F. Ry. Co. v. Mann, 79 Okl. 160, 192 P. 231 and 66 O.S.1951 § 57.

A corollary to the above referred-to rule is the rule that title acquired in defective condemnation proceedings or reverse condemnation proceedings is the same (therefore cannot be greater) than the title which would have been acquired if the condemnation proceedings were valid. 30 C.J.S. Eminent Domain § 449, p. 196 and Schaefer v. School District No. 18, Arapahoe County, 111 Colo. 340, 141 P.2d 903.

If, as contended by plaintiffs in error, Ch. 31, Art. 1, p. 251, S.L.1903, under which the school district sought to condemn the land in controversy, had been repealed prior to the institution of the condemnation proceeding in controversy, then the school district must be said to have attempted to condemn under Ch. 20, Art. 1, p. 258 et seq., S.L.1907–1908.

In the 1903 Act it was provided in substance that upon school districts perfecting condemnation proceedings under said Act, "title to such site, or addition thereto, shall vest in the school district". In the 1907–1908 Act it was provided in substance that upon an entity perfecting condemnation proceedings under said Act, "The fee of land taken without the consent of the owner, shall remain in such owner subject only to the use for which it was taken". It follows that unless the 1903 Act was in force and effect at the time the school dis-

trict sought to condemn the land in controversy, it, by said proceeding and resulting occupation, did not obtain fee to the land taken which by force of the 1907–1908 Act remained in the owner of the land condemned.

I am, however, of the conviction that the 1903 Act was not repealed prior to the condemnation proceeding in controversy being perfected and that the school district complied with said Act, and for said reason obtained "title to such site" or land.