OWNER OF PROPERTY IN TRUST OVER WHICH HE RETAINS COMPLETE CONTROL MAY APPLY FOR HOMESTEAD EXEMPTION A person who places his property in a trust which may be revoked and withdrawn, and retains control over the property, receives all benefits and income from the property, pays all taxes and other obligations on the property, resides on the property, and has complete power as to any changes in the trust, is the legal owner of the property and may apply for homestead exemption. The Attorney General has considered your request for an opinion involving a situation where a property is placed in trust by the owner and the trustor (owner) files an application for homestead exemption. The following question is involved: "Where a homestead is placed in Trust under a Trust Agreement, a copy of which is enclosed, can the Trustor claim a homestead exemption on his farm or home if he resides thereon and complies with the Homestead Exemption Law?" The Trust Agreement provides, in part: "(A) The trustor shall have the right during his lifetime, and by will, to add to this trust. (B) Trustor may revoke this trust or withdraw any of the trust property by an instrument in writing executed by the trustor and delivered to the trustee. (C) For such time as real property is included in this trust, trustor shall have the beneficial use of the same during his lifetime except as otherwise reserved to trustee. Such beneficiary use shall include the right to occupy, improve, alter and repair said property. (D) Trustor shall assume responsibility for said real property and pay all costs incidental thereto including taxes, assessments, adequate fire and other insurance, utilities, improvements, alterations and repairs. (E) The trustor shall not be accountable to the trustee for any rents or other income received from the use or occupancy of said real property. (F) The net income from all other trust assets shall be paid to the trustor at least annually. (G) All amendments, withdrawals, instructions and any revocation must be signed personally by all persons named trustor, or the survivor of them." It appears from the Trust Agreement that the trustor (owner) has the right to retain all control over the property, receive the benefits from the property, and be responsible for all taxes, insurance, and repairs to the property. Also, from Mr. Monroe's letter, it appears that the trustor is going to reside on the property. Title 68 O.S. 2406 [68-2406] (1970), states in part: "The term homestead, as used in Sections 2408 through 2419 of this Code, shall mean and include the actual residence of a natural person who is a citizen of the State of Oklahoma, provided the record actual ownership of such residence be vested in such actual person residing and domiciled thereon;. . ." (Emphasis added) As stated, homestead as used in the above statute relating to ad valorem taxes refers to the residence of the person who is an Oklahoma citizen, and is vested with record actual ownership. Ownership is defined by Black's Law Dictionary, Revised 4th Ed., 1968, as follows: "The complete dominion, title, or proprietary right in a thing or claim." In the case of Burdett v. Burdett,26 Okl. 416, 109 P. 922 (1910), the Oklahoma court quoted on pages 926 and 927 as follows: ". . .as used in this connection, to die `owner' of or with `title' to personalty it is to die `seized' thereof, and these terms may be regarded in effect to mean one and the same thing. . ." The Court quoted approvingly from Black's Dictionary and said that: "`Owner' is the person `in whom is vested the ownership, dominion, or title of property.' And from Webster's Dictionary, defining `owner' as one who owns; a rightful proprietor; one who has the legal or rightful title, whether he is the possessor or not. In light of which we think it may be safely said that under the statute, supra, a widow is entitled to be endowed of any personal property belonging to her husband at the time of his death or which at that time he was the `owner' or to which he was entitled, or to speak nicely, in which died vested of title." "Title" is defined by Black's Law Dictionary, Revised 4th Ed., 1968, as: "The union of all the elements which constitute ownership. Full, independent in fee ownership; the right to or ownership in land." In the case of Meinders v. Board of Education of Wynnewood School District I-38, Okl., 344 P.2d 572, on page 573, the Court quoted the case of Skelly Oil Company v. Kelly,134 Kan. 176, 5 P.2d 823, as follows: "The word title has a variety of meanings. It sometimes can note the means by which property and land is established, as in the expression `chain of title'. It sometimes `property' or `ownership' in the sense of the interest one has in land. A common meaning is complete ownership, in the sense of all the rights, privileges, powers, and immunities an owner may have with respect to land." Record actual ownership referred to in the statute means title or record title. In other words, the applicant must have record title to the property on which he desires to obtain a homestead exemption. Thus, we must determine whether or not the applicant in this case had record actual ownership, or in other words, record title. Title 60 O.S. 175.4 [60-175.4] (1961), states: "Every person who, by virtue of any transfer or device, is entitled to the actual possession of real property, and the receipts of the rent profit thereof, is deemed to have a legal estate therein, of the same quality and duration, and subject to the same condition as his beneficial interest." Thus, from the above cited statute, a person who has the actual possession of property and is receiving the benefit thereof, is deemed the legal estate holder, which would be synonymous with legal owner, record actual ownership, or record title owner. From the facts given, it appears that the trustor had actual possession and was receiving the benefits from the property. Thus, he would be the legal owner or title owner, and eligible to apply for the homestead exemption. Under the facts presented and the question raised, it is the opinion of the Attorney General that the involved question be answered in the affirmative for the reason that it appears that the applicant trustor is the person who is in possession of the property, has full control over the property, and is receiving all of the benefit from the property, and is therefore, the legal owner. (Todd Markum)