JOHN C. MAHONEY, Respondent, v. KANSAS CITY, Appellant.

**Kansas City Court of Appeals, March 7, 1904.**

1. **DAMAGES: Avoiding of: Measure of: Instruction.** One sustaining damages by reason of the wrongful act of another should use all reasonable exertion to protect himself and avoid the injuries consequent as far as possible, and an instruction set out in the opinion relating to the measure of damages in such cases is approved.

2. ———: ———: ———: **Appellate Practice.** The amount of expenditure allowable to prevent a threatened injury is a matter for the jury and under certain circumstances it may become a matter of law; on the evidence in this record the expenditure of $1,000 to prevent a threatened injury would be binding on the appellate court.

3. **FLOODING LAND: Measure of Damages: Speculation.** Where land has been flooded and thereby damaged the measure of damage is the actual damage and will not include rents for the time a building was delayed in its completion which is speculative.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

REVERSED AND REMANDED *(with directions).*

*R. J. Igraham,* City Counselor, and *L. E. Durham* for appellant.

(1) Defendant's instruction No. 1 stating the doctrine of avoidable consequences is the law in this State and was properly given here. Dietrich v. Railway, 89 Mo. App. 40; Kansas City v. Morton, 117 Mo. 459; Tegler v. Kansas City, 95 Mo. App. 166; Spry v. Railway, 73 Mo. App. 211; Shelby v. Railway, 77 Mo. App. 212; Smith v. Kansas City, 128 Mo. 31; Ice Co. v. Tamm,

90 Mo. App. 197; Ludlow v. Village, 43 Barb. 493; Simpson v. Keokuk, 34 Iowa 568. (2) Defendant's instructions Nos. 2, 3 and 4 relating to the measure of damages are correct and were properly given in this case. Only the damages actually sustained can be recovered in cases of this kind. Brown v. Railroad, 80 Mo. 459; Ready v. Railroad, 72 S. W. 142; Pinney v. Berry, 61 Mo. 359; Carson v. Springfield, 53 Mo. App. 296; Smith v. Railroad, 98 Mo. 20; Tallman v. Railway, 121 N. Y. 119; Dorland v. Railway, 46 Pa. St. 520; Chicago v. Huenerbein, 85 Ill. 594; 3 Sutherland on Damages, sec. 1047; Bridges v. Lanham, 14 Neb. 369; Cilley v. Hawkins, 48 Ill. 308; Railroad v. Adams, 63 Tex. 200; Roberts v. Cole, 82 N. Car. 292. (3) The instruction offered by plaintiff was properly refused.

*Frank P. Walsh* and *John G. Park* for respondent.

(1) Under defendant's authorities the rule of avoidable consequences applies only when plaintiff may avoid the consequences at moderate and reasonable expense. Dietrich v. Railway, 89 Mo. App. 40; Smith v. Kansas City, 128 Mo. 31. (2) Defendant's declaration of law No. 3 corresponds exactly with our theory. It is the law, and we have no criticism to offer regarding it. Pinney v. Berry, 61 Mo. 359. (3) Defendant is liable to plaintiff for neglect in failing to keep the curb in repair. Foncannon v. Kirksville, 88 Mo. App. 279; Woods v. Kansas City, 58 Mo. App. 272; Donahoe v. Kansas City, 136 Mo. 657. (4) The gathering together of the surface water and throwing it in a body upon plaintiff's property was a nuisance, for which defendant is liable. Cannon v. St. Joseph, 67 Mo. App. 367; Carson v. Springfield, 53 Mo. App. 289. (5) Interference by the city with the flow of water in a natural watercourse, by which property is injured, is a damaging of it for public use within the meaning of article 2, section 21 of the Constitution. Young v. Kansas City,

27 Mo. App. 117; Smith v. Sedalia, 152 Mo. 283; Cooley Const. Lim. (4 Ed.), 680, followed in Broadwell v. Kansas, 75 Mo. 218. The form of action is immaterial, whether "condemnation" or by the landowner for damages. "The injury is the same, the damage is the same, and the compensation should be the same." McReynolds v. Railway, 110 Mo. 484; Doyle v. Railway, 113 Mo. 280; Hickman v. Kansas City, 120 Mo. 110. (6) The damage to the property must be assessed, not merely with reference to its barren, unimproved condition, but with reference to all the uses to which it might have been put. Bridge Co. v. Ring, 58 Mo. 491; Boom Co. v. Patterson, 8 Otto 403, 25 L. Ed. 203; Railway v. Knapp, 160 Mo. 412; St. Louis v. Brown, 155 Mo. 545; St. Louis v. Abeln, 170 Mo. 318; Gildersleeve v. Overstoltz, 90 Mo. App. 518; Shirt Co. v. Frankenthal, 96 Mo. App. 307.

BROADDUS, J.—The plaintiff was the owner of certain lots in the defendant city situated at the southeast corner of Eleventh and Harrison streets with a frontage on the former street of 141 and 3-4 feet and on the latter of 52 feet. Prior to plaintiff's alleged ground of recovery the defendant city at the expense of the adjoining landowners had graded and paved said street and constructed curbing along plaintiff's said property. In July, 1898, the curbing gave way which left a gap in the same about 20 feet wide. During the month of October of said year plaintiff was engaged in erecting several houses on said lots and had built foundations for them, at which time water collected in said streets and ran through said gap upon his property, by reason of which he alleges he was greatly damaged. He alleges that certain ditches he had dug were filled with water; that the said foundations weakened; that he was obliged to construct levies to preserve his property; that he lost building material; that he was delayed in his building and thereby lost the use of his property and the rental

value for one year in consequence of the negligence of defendant in failing to repair said curbing.

It was shown that plaintiff was delayed in his work of building on account of the water flowing onto his lot in October, 1898, but he did not resume work until in August, 1899. On the twenty-second of December, 1899, this suit was brought. In the spring of the year following the bringing of his suit, he finished the foundations of his buildings since when he has done nothing towards the completion of them. There was evidence of the value of the building material lost and experts testified that the rental value for one year of buildings such as plaintiff contemplated erecting would be about $3,000. There was no other evidence of damage.

It was shown that the cost of repairing the gap in the curbing would not exceed $1,000. Defendant was notified of the condition of the curbing and made appropriations at different times for repairing it, but it seems that the sums so appropriated were not sufficient for the purpose. The contemplated cost of said buildings was $15,000.

The court found for plaintiff the value of the building material destroyed by the overflow water and one dollar for value of probable rents. There was no finding for other alleged damages. The plaintiff moved for a new trial on various grounds, among which was that the court had erred in the giving and refusing instructions. The motion was sustained and defendant appealed. The controversy arises over the propriety of the following instructions, one, two, three and four, given at the request of defendant and one asked by plaintiff but refused by the court:

"1. The court declares the law to be that it was the duty of the plaintiff to use all reasonable care to avoid or lessen the damage to his property, even though the proper protection of his property required the expenditure of money, and if the reasonable cost of repairing the break in the curbing was less than the damage

caused by the flooding of plaintiff's lots, then the cost of such repairs to the curbing is the proper measure of damages. If the actual damage to plaintiff is less than the cost of such repairs, then such actual damage is the measure of damages which plaintiff may recover.

"2. The court declares the law to be that there is no evidence in this case of any actual damage to plaintiff caused by the flooding of his lots except the loss of some lime and sand on or about October 16, 1898.

"3. The court declares the law to be that there is no evidence in this case of any permanent injury to plaintiff's lots, and the court sitting as a jury can award plaintiff no damages except for the actual damage caused by the flooding of plaintiff's lots on October 16, 1898, and up to the commencement of this suit.

"4. The court declares the law to be that under the pleadings and the evidence in this case plaintiff can not recover any damages for the prospective loss of rentals to the houses which plaintiff was intending to build at the time of the flooding of his lots on October 16, 1898, or at any time before the beginning of this suit.''

Plaintiff's refused instruction is as follows:

"The court, sitting as a jury, declares the law to be that if the finding and judgment shall be in favor of plaintiff, his damages will be assessed at such sum as will reasonably compensate plaintiff for his loss and damage, and will be arrived at in the following manner: The court will ascertain the value of lime and sand destroyed by water at the time mentioned in evidence, and to that will add the reasonable rental value of plaintiff's property, in view of all the uses to which it might reasonably have been put, between the time of the flooding of said land as mentioned in evidence and the institution of this action, and the sum so ascertained will be the amount of plaintiff's recovery.''

It can not be successfully denied but what instruction number one incorporates a correct principle of law.

"It is the duty of one sustaining damages by reason of the wrongful act of another to use all reasonable exertion to protect himself and avert as far as possible the injurious consequence of such act." Railway v. McGrew, 104 Mo. 282. "It is the duty of a party to protect himself from the injurious consequences of the wrongful act of another if he can do so by ordinary effort and care at a moderate and reasonable expense, and for such reasonable exertion and expense in that behalf expended he may charge the wrongdoer; and where by the use of such means he may limit and prevent further loss, he can only recover such loss as could thus be prevented." Dietrich v. Railway, 89 Mo. App. 40.

We do not understand that plaintiff denies that the instruction is not a correct statement of the law but that it should not have been given in view of the circumstances of the case; and that it was unreasonable to have required plaintiff to expend so great a sum as one thousand dollars to repair the curbing in question. The decisions are that the reasonable amount of an expenditure to prevent a threatened injury is a matter for the jury. But notwithstanding such is the general rule, yet, at the same time, it can not be denied that it would be the duty of the court under certain circumstances to say, as a matter of law, that the amount required to be so expended was or was not reasonable. Taking into consideration the cost of the buildings to be erected, which would amount to $15,000, and that their rental value when completed would be $3,000 a year we are not prepared to say, as a matter of law, that an expenditure of $1,000 to prevent the threatened injury would be unreasonable. A finding either way would be binding on this court.

But however that may be, the most serious question arises out of the action of the court in refusing plaintiff's said instruction which authorizes not only a recovery for the lime and sand destroyed, which, so far, was

proper, but authorized a recovery for the "reasonable rental value of plaintiff's property in view of all the uses to which it might reasonably have been put between the time of the flooding of said land, as mentioned in evidence, and the institution of this action, and the sum so ascertained will be the amount of plaintiff's recovery." The court was justified in refusing said instruction. The plaintiff's contention is that the rule of damages applicable in cases where condemnation proceedings are had are applicable to this case. We do not so understand it. The rule in such cases is that a party whose land is taken for public use is entitled to the reasonable value of his land and compensation for injury to his adjoining lands, after deducting the benefits that may result to him by reason of the use to which they are appropriated. Railway v. Knapp & Co., 160 Mo. 396. In this case the land itself has not been appropriated. It is only alleged that it has been injured by the wrongful act of the defendant. The inquiry then is, in what way has the plaintiff suffered injury? The lost building material, for which he recovered, seems to have been the only injury.

But plaintiff claims that the court should have allowed him the rental value of the houses which he contemplated and which he claims he would have erected had it not been for the alleged wrongful act of defendant. He calls this the measure of his damages because he was delayed in his work. This claim is purely speculative. He has had the use of his money for the time delayed. He could not well have both the interest on his money and the rental of the contemplated buildings at the same time. He is not damaged to that extent. It is easy to conceive that he might have been injured in various ways by the delay. For instance, in the increase of the price of labor, or the value of building material, or in the rate of interest if he contemplated borrowing money in his undertaking. There is only one rule to apply in cases of this kind, and that is that the

plaintiff was entitled to a verdict for the actual damages he sustained, and this he recovered. Penney v. Berry, 61 Mo. 360.

There was no error committed in the trial of the cause. For the error in granting a new trial the case is reversed and remanded with directions to reinstate the verdict and render judgment accordingly. All concur.